**Charles Arnold SANDLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44543.**

Court of Criminal Appeals of Texas.

March 1, 1972.

Rehearing Denied April 12, 1972.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for the offense of robbery by assault. Punishment was assessed by a jury at 42 years.

The record reflects that at approximately 2:00 A.M. on the morning of October 6, 1969, Michael Wayne Gibson was assaulted and robbed by three men, one of whom he identified as the appellant. Shortly thereafter, appellant and his two companions were arrested by Officer J. T. White, of the Dallas Police Department; and Gibson's watch, which had been taken during the robbery, was found on the floor of the automobile in which the three were riding. Also recovered from the automobile was a knife, which Gibson identified as being the one used during the robbery.

The sufficiency of the evidence is not challenged.

After the jury had been selected, appellant filed a motion requesting that the court appoint a psychiatrist to determine appellant's "mental status to stand trial." In support of this request, the motion related that appellant had "just gotten out of Terrell Hospital the day before the robbery, Oct. 6, 1969, and that his treatment had been for drinking intoxicating liquor that he had also been in Woodlawn Hospital about 5 years ago."

This motion was granted by the trial court, and a doctor was appointed to make the examination. The next day, out of the presence of the jury and prior to the state putting on its case on the merits, appellant was placed on the stand for the purpose of evaluating his competency to stand trial. Appellant testified that his sole reason for being in Terrell was for drinking. He tes-

tified that he felt he had adequately communicated with his attorney and that he was able to be of assistance to his attorney during the trial.

After this testimony, his attorney stated:

"Your Honor, for purposes of the record, I would only add that I have seen Mr. Sandlin on four or five occasions at jail. I have received a statement from him in writing, his own handwriting about what happened. It is perfectly legible and perfectly understandable. I have understood and communicated with him in detail about what happened as far as he does remember. I was extremely surprised, I might add, when I learned about any prior drinking problems as far as his mental condition is concerned yesterday. I think there is no communication problem. I feel like I can help him and he can help me. I would only add in the record that Dr. Pickard is expected just for safety's sake to examine him at some length and Dr. Grigson at a later date just as a safeguard. I don't feel it is necessary at this time. I feel that he is perfectly sane."

The court then stated, without objection:

"Let the record show that all parties agree to go ahead with the trial and the Court approves of the request of the State and the Defendant's attorney that Dr. Grigson examine this Defendant at the earliest possible date for a definite determination of his mental status." [1]

Complaint is now made that the court erred in failing to obtain a jury finding on the issue of appellant's competency to stand trial.

■ The test for determining incompetency to stand trial is "whether [the defendant] has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). The pre-trial testimony of appellant and the above quoted portion of the record demonstrate that appellant and his attorney were able to communicate with regard to the preparation of appellant's defense and that the issue of competency to stand trial was waived.

Ground of error number one is overruled.[2]

■ After the jury had returned a verdict of guilty and prior to the punishment hearing, appellant moved for a mistrial on the ground that the court had erred in failing to empanel a jury to hear the issue of present insanity. This motion was overruled, but the court granted a hearing on this issue which was held subsequent to the punishment stage of the trial. At such hearing, the court submitted to the jury the issues of appellant's competency to stand trial, insanity as a defense, and post conviction insanity. The jury determined that appellant was sane during each of the three periods.

Appellant now complains of error allegedly committed at such hearing. We have determined that these grounds of error are not properly before this court.

No issue of insanity as a defense was raised at the guilt or innocence stage of the trial; [3] nor was a requested charge on

1. We conclude that this was tantamount to withdrawal of the motion. See Article 46.02, Sec. 1, Vernon's Ann.C.C.P.

2. We do not interpret the holding of the United States Supreme Court in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), to be to the contrary. In that case the defense attorney raised the competency issue throughout

the trial. In the instant case, the record contains the above quoted stipulation by appellant's counsel to the effect that appellant met the Dusky standard for competency.

3. He did raise the issue of temporary insanity induced by the use of alcoholic beverages in mitigation of punishment. At the post-trial hearing, he produced the

this issue submitted; and no objection to the court's charge appears in the record. Having failed to raise this issue at the trial, it cannot be raised for the first time after the trial. Fuller v. State, Tex.Cr. App., 423 S.W.2d 924; Caldwell v. State, Tex.Cr.App., 364 S.W.2d 242.

Appellant, having had this issue submitted to the jury at the post-trial hearing even though he was not entitled to such issue, cannot complain of error.[4]

Furthermore, no appeal lies from a judgment rendered in a hearing on the issue of insanity. Martin v. State, Tex.Cr. App., 475 S.W.2d 265; Taylor v. State, Tex.Cr.App., 420 S.W.2d 601; Pena v. State, 167 Tex.Cr.R. 406, 320 S.W.2d 355; Ex parte Hodges, 166 Tex.Cr.R. 433, 314 S.W.2d 581.

Next, appellant contends that the trial court erred by overruling his objection to argument by the prosecution at the punishment stage of the trial. The argument of which complaint is made is:

"In determining the punishment of this case, you are instructed not to discuss among yourselves how long the defendant will be required to serve any sentence. Such matters come within the exclusive jurisdiction of the Board of Pardons and Parols Office."

This statement merely paraphrased the court's charge and does not constitute a comment on the operation of the laws regarding paroles. No reversible error is shown. See generally, Hernandez v. State, Tex.Cr.App., 366 S.W.2d 575.

Finding no reversible error, the judgment is affirmed.

---

same evidence on this issue to which he had alluded in his pre-trial motion for psychiatric examination.

4. This opinion is not to be construed as necessarily approving the procedure utilized in this case.