**Ronald THIBODEAUX, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48045.**

Court of Criminal Appeals of Texas.

Feb. 13, 1974.

Harry D. Lewis, Brownsville, for appellant.

Fred Galindo, Dist. Atty. and Menton Murray, Jr., Asst. Dist. Atty., Brownsville, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery by assault with two prior convictions for noncapital felonies alleged for enhancement; the punishment, life.

Court appointed counsel at trial and on appeal has filed in this Court a brief in which he states that he has diligently studied the record and has concluded that the appeal is wholly frivolous and without merit.[1]

Counsel has, however, presented a question as to the failure of the Court to hold a separate hearing on the question of appellant's present insanity or competency to stand trial. The record reflects that prior to trial the Court granted motion for psychiatric examination and ordered appellant delivered to Dr. Tunberg at the Mental Health and Retardation Center for examination.

Thereafter, the jury was selected and no request for a separate hearing was had. The case was recessed for two days and the State then presented its evidence through the testimony of five witnesses during which time no issue of insanity was raised. When the State rested counsel made a motion for instructed verdict on the grounds of the insufficiency of the evidence. When this motion waas overruled in the absence of the jury counsel made the following statement:

"I would like to make this statement in the record as an officer of this Court and as an attorney appointed by the Court to represent the Defendant in this case and I would say to the Court and for the benefit of the record that, because of my apparent inability to talk with and obtain cooperation from the Defendant concerning the facts in this case, background of the Defendant in an effort to prepare for trial, that I did file a motion to have the Defendant examined by a psychiatrist or other qualified expert to determine the present sanity of the Defendant; that the Court did grant the motion and that the Defendant was taken to Harlingen to the Mental Health Clinic where he was examined by Dr. C. L. Tunberg, psychiatrist; and that Dr. Tunberg responded to a call from Assistant State's Attorney, Mr. Menton Murray, and myself in a conference telephone conversation saying, in effect, that the Defendant had no psychiatric or psychotic symptoms which would indicate that he was insane in any sense at the present."

Counsel's remarks concerning his inability to communicate with his client are

1. For a citation of the relevant authorities reference is made to Barber v. State, Tex.Cr.App., 471 S.W.2d 814.

not entitled to any conclusive effect. Counsel concluded his remarks with Dr. Tunberg's observations that appellant showed no indication of being insane. Counsel made no motion at this time for a hearing on insanity. There were no requested charges on the issue of insanity.

The report of Dr. Tunberg's psychiatric evaluation was thereafter filed with the clerk of the court which confirmed his telephonic report to counsel and concludes with this resume: "He is perfectly sane and can make a rational defense concerning said act and offense."

We hold that the trial court did not err in failing to grant a separate hearing on the question of appellant's competency to stand trial. Price v. State, Tex.Cr.App., 496 S.W.2d 103; Zapata v. State, Tex.Cr. App., 493 S.W.2d 801.

The judgment is affirmed.