**Sergio C. QUINTANILLA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48200.**

Court of Criminal Appeals of Texas.

May 1, 1974.

---

1. From January 26, 1967 until January 31, 1968.

Roger C. Rocha, Laredo (On appeal only), for appellant.

Robert O. Smith, Dist. Atty., Larry Laden, Asst. Dist. Atty., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The appellant's conviction is for knowingly, intentionally and with lascivious intent exposing his private parts to a person under sixteen years of age; the punishment, imprisonment for eight years.

The grounds of error present the contentions that the trial court did not have jurisdiction to try this cause and that the trial court erroneously failed to conduct a separate hearing on the issue of the appellant's mental competency to stand trial.

■ The appellant without supporting authority argues that the Honorable David C. McAngus, Judge of the 201st District Court of Travis County, did not have jurisdiction to try this offense which was allegedly committed prior to the date the newly created 201st District Court became effective. The argument that a Court would not have jurisdiction to try an offense which was committed before it was created is clearly unreasonable and not worthy of further comment. This ground of error is overruled.

■ It is also urged that the trial court did not have jurisdiction because the order transferring the cause from the 167th District Court of Travis County to the 201st District Court was signed only by the Judge sitting in the 201st District Court. This contention is also without merit, particularly when raised for the first time on appeal. See Duran v. State, 505 S.W.2d 863 (Tex.Cr.App.1974) and the cases there cited.

The appellant urges that the record shows a separate hearing on the appellant's competency to stand trial should have been had and he cites and relies upon Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L. Ed.2d 815 (1966) and Ainsworth v. State, 493 S.W.2d 517 (Tex.Cr.App.1973). The State on the other hand argues that the record fails to show that such a hearing was required and relies upon Pate v. Robinson, supra; Perryman v. State, 494 S. W.2d 542 (Tex.Cr.App.1973); Ainsworth v. State, supra; Zapata v. State, 493 S.W. 2d 801 (Tex.Cr.App.1973); Sandlin v. State, 477 S.W.2d 870 (Tex.Cr.App.1972); and Townsend v. State, 427 S.W.2d 55 (Tex.Cr.App.1968).

■ The test for determining competency to stand trial is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him. Dusky v. United States, 362 U.S. 402, 80

S.Ct. 788, 4 L.Ed.2d 824 (1960) and Sandlin v. State, supra.

■ If the evidence which comes before the Court from any source is sufficient to create in the Judge's mind a reasonable ground to doubt the competency of the accused to stand trial he should conduct a hearing out of the presence of the jury to determine whether or not there is in fact an issue as to the competency of the accused to stand trial. Ainsworth v. State, supra, and Perryman v. State, supra.

■ The appellant says that two documents appearing in the record and the testimony of witnesses at the punishment phase of the trial are sufficient to show that the trial court erred in failing to conduct a hearing to determine the appellant's competency to stand trial. One of these instruments is an "Order to Summon Jury Panel." The order, signed by the Honorable Tom Blackwell, Judge of the 167th District Court, in pertinent part reads:

"On this the 13th day of April, A.D. 1973, came on to be heard the motion of the State of Texas through it's (sic) District Attorney for an ORDER directing the Sheriff of Travis County, Texas to summon twelve qualified jurors to try the above named defendant on the issue of his present sanity, and it appearing that the defendant is not in the Travis County Jail and has been returned to the Travis County Jail by the Austin State Hospital after a period of treatment and no regular jury being available and a necessity existing for the impannelling of a jury to try the above named defendant on the issue of his present sanity,

". . ."

At the bottom of the page is the notation:

"This one is to be contested and will not be heard on this date."

The record shows no further action in regard to this order.

The record also contains a motion filed by appellant's trial counsel which was filed April 19, 1973, but does not show that it was ever called to the trial court's attention. It reads in pertinent part as follows:

"I.

"Defendant's attorney has learned that Defendant received a severe injury to his head about three years ago. That since said injury Defendant has had recurring severe headaches from time to time so much so that he was received at Brackenridge Hospital on August 22, 1972 and on November 22, 1972 for treatment of such headaches. An attempt is now being made to acquire the medical records reflecting said treatment. Attached as Exhibits A and B are statment (sic) of charges for said two admissions. Defendant's mother is also attempting to locate the record of his treatment for the severe injury received two or three years ago.

"II.

"Defendant has been psychiatrically examined by Dr. Richard J. Alexander and although his diagnosis reveals that Defendant is sane by the McNaughten Rule he has detected emotional instability which in the opinion of Defendant's attorney call for more extensive examination of Defendant.

"III.

"Defendant's attorney has interviewed Defendant at length on several occasions and has detected a detachment and disorientation on part of Defendant. This attorney, in good conscience, could not submit Defendant to trial without being fully satisfied of Defendant's sanity.

"IV.

"Defendant should receive a physical examination to determine if he has a tumor or other brain pathology.

"V.

"A Mexican physician has already diagnosed him as psychotic but he is not licensed in Texas or anywhere in the U. S."

The trial commenced and the jury's verdict was received on May 14, 1973. A punishment hearing was held on May 15, 1973. At that hearing the appellant's sister testified that prior to his military service the appellant had many friends, socialized with everybody and had attended college for one year, but that after his return from Vietnam he didn't socialize with anybody, not even his family, and that he secluded himself, could not get along with others and "that his family thought he was very nervous and needed to see a doctor or something."

A university student and long time friend of the appellant testified to his good reputation. This witness said the appellant lived near him in "Jester" and that he saw the appellant on the campus several times a week. He related one instance where a group had been playing poker and the appellant sat nearby talking to himself.

There is also in the record a motion entitled "State's Motion Contesting Defendant's Motion for Criminal Commitment of Defendant to Austin State Hospital for Mental and Physical Examination." Attached to this motion is a letter from Lee F. Scarborough, M.D., directed to the District Attorney which shows that the physician examined the appellant on the 1st day of March, 1973. The physician's letter says that based upon the examination his psychiatric opinion was that the appellant was presently competent to stand trial and to assist his attorney in preparing a rational defense and that the appellant did not require hospitalization.

The appellant testified at both the guilt-innocence and punishment phases of the trial. His testimony was direct and lucid. He admitted to no inculpatory matters about which the State's witnesses had testified and he gave explanations concerning such testimony, attempting to show innocent conduct. He testified that he had attended junior college for a year. He was then employed as an "assisting chem lab technician" by a company in Chicago, Illinois. Thereafter he returned to college for another year. He was living on the campus and was majoring in Biology and Natural Sciences just prior to the time of the alleged offense. His testimony gave no indication of lack of mental capacity, past or present.

We have considered this record in light of the above authorities and find that the trial court did not err in failing to conduct a hearing to determine whether the appellant was competent to stand trial. See and compare the rent cases of Noble v. State, 505 S.W.2d 543 (Tex.Cr.App.1974); Carpenter v. State, 507 S.W.2d 794 (Tex. Cr.App., decided April 10, 1974); and Perryman v. State, 507 S.W.2d 541 (Tex.Cr. App., Feb. 6, 1974).

The judgment is affirmed.

Opinion approved by the Court.