Paul MARROQUIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 48666.

Court of Criminal Appeals of Texas.

June 26, 1974.

Thomas Rocha, Jr., San Antonio (on appeal only) for appellant.

Andy Shuval, Dist. Atty., Hereford, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery; the punishment, imprisonment for life.

The appellant first contends that the trial court erred in failing to hold a separate hearing to determine the appellant's sanity and competency to stand trial.

Prior to trial appointed counsel filed a motion denominated "Defendant's Motion for Psychiatric Examination" stating the appellant "evidences psychotic behavior" and he should be examined by a qualified psychiatrist in order that the existence of any mental illness might be ascertained prior to trial.[1] The record contains an order granting the motion. However, unlike Perryman v. State, 494 S.W.2d 542 (Tex. Cr.App.1973), relied upon by the appellant, the evidence and trial proceedings in this case suggest nothing that would raise any question of mental illness or competency of the appellant. It was not until long after trial that such claim was made in the appellate brief.

The motion filed prior to trial, standing alone, is not sufficient to create in the mind of the trial court a reasonable doubt of the appellant's sanity, mental condition or competency to stand trial which would require a separate hearing. See Ainsworth v. State, 493 S.W.2d 517 (Tex. Cr.App.1973); Wages v. State, 501 S.W.2d 105 (Tex.Cr.App.1973); Thibodeaux v. State, 505 S.W.2d 260 (Tex.Cr.App.1974); Perryman v. State, 507 S.W.2d 541 (Tex. Cr.App.1974); and Quintanilla v. State, 508 S.W.2d 647 (Tex.Cr.App.1974).

This ground of error is overruled.

The second of the appellant's two grounds of error urges the State was erroneously permitted to impeach and then rehabilitate its own witness.

The complainant testified on direct examination without objection that he had been convicted of two felony offenses. During cross-examination the defense counsel read a portion of the complainant's testimony given before the grand jury about the facts and circumstances of this case. The complainant admitted he lied before the grand jury but insisted his testimony before the trial jury was true. The State then offered without objection the testimony of two witnesses who testified the complainant's reputation in the community for truth and veracity was good. We perceive no error.

The judgment is affirmed.

Opinion approved by the Court.

1. There is no motion in the record requesting a sanity hearing prior to trial. See Article 46.02, Section 1, Vernon's Ann.C.C.P.