**David Wayne McWHERTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58777.**

Court of Criminal Appeals of Texas.

Nov. 12, 1980.

John W. O'Dowd, Houston, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and Robert Burdette, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for aggravated robbery, where the jury assessed punishment at life imprisonment.

The sufficiency of the evidence to sustain the conviction is not challenged. Appellant robbed the complaining witness at gunpoint and forced her into her car, then picked up another man. As they drove around for about an hour, appellant and the other man alternately raped the complaining witness and then left her in the parking lot where she had first been accosted.

Initially, appellant contends the trial court erred in failing and refusing to conduct a separate hearing on the issue of his competency to stand trial. In support of his contention, appellant relies upon certain pre–trial motions and testimony, in the absence of the jury during the trial on the merits, which he contends raised the issue of competency to stand trial.

Article 46.02, § 2(a) and (b), in effect at the time of appellant's trial, commencing on November 15, 1976 (Acts 1975, 64th Leg., p. 1095, ch. 415, eff. June 19, 1975), and in effect now (Acts 1977, 65th Leg., p. 1458, ch. 596, eff. Sept. 1, 1977), reads:

"Sec. 2(a) The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits *if the court determines there is evidence to support a finding of incompetency to stand trial* on its own motion or on written motion by the defendant or his counsel filed prior to the date set for trial on the merits asserting that the defendant is incompetent to stand trial.

"(b) If during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial." (Emphasis supplied.)

The indictment was returned on April 6, 1976. Apparently some time thereafter a psychiatrist and a psychologist were appointed to examine the appellant although the appellate record is not too clear about these matters. On July 12, 1976, appellant's motion for continuance was granted. On November 1, 1976, appellant's case was set for trial and his counsel announced "ready." On November 2, 1976, as he was being placed into a hold over cell near the courtroom, he took the bailiff's pistol, fired a shot at him and fled. He was apprehended the next day in a stolen car in Washington County.

On November 8, 1976, the appellant filed a motion stating he was not competent to stand trail, asked for the appointment of disinterested experts, and gave notice he expected to rely upon a defense of insanity at the time of the commission of the alleged offense. On the same date, he filed a second motion for continuance which, inter

alia, made reference to appellant's incompetency to stand trial and requested the appointments of psychiatric experts to examine him. The motions were not supported by evidence and were overruled on the date filed. On November 15, 1976, the day of the resetting of appellant's trial, appellant filed a request for jury hearing on his competency to stand trial. It was overruled, and the trial commenced. During the trial, appellant's counsel testified, out of the jury's presence, that he did not believe appellant was competent to stand trial and that appellant had lately "withdrawn into a shell."

The motions filed on November 8, 1976 only made a suggestion that appellant was incompetent to stand trial and requested a psychiatric examination after one apparently had already been conducted. The only motion requesting a competency hearing was filed on the morning of the trial. Like the other motions, it was not supported by evidence.

In *Reeves v. State*, 516 S.W.2d 410 (Tex.Cr.App.1974), this court held:

"The test for determining competency to stand trial is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him. *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960); *Quintanilla v. State*, 508 S.W.2d 647 (Tex.Cr.App. 1974); *Sandlin v. State*, 477 S.W.2d 870 (Tex.Cr.App.1972).

"If the evidence which comes before the court from any source is sufficient to create in the judge's mind a reasonable ground to doubt the competency of the accused to stand trial he should conduct a hearing out of the presence of the jury to determine whether or not there is in fact an issue as to the competency of the accused to stand trial. *Quintanilla v. State*, supra; *Ainsworth v. State*, 493 S.W.2d 517 (Tex.Cr.App.1973); *Perryman v. State*, 494 S.W.2d 542 (Tex.Cr.App. 1973).

\* \* \* \* \* \*

"The mere suggestion in a motion by counsel coupled with a request for a psychiatric examination has been held to be insufficient to raise a reasonable doubt concerning a defendant's competency to stand trial. *Marroquin v. State*, 511 S.W.2d 58 (Tex.Cr.App.1974); *King v. State*, 511 S.W.2d 32 (Tex.Cr.App.1974); *Bowens v. State*, 507 S.W.2d 785 (Tex.Cr. App.1974)." 516 S.W.2d 412–413.

■ We conclude, under all the circumstances, including counsel's testimony, the trial judge did not have before him sufficient evidence "to create a bona fide doubt" as to appellant's mental competency to stand trial so as to require a competency hearing. *Johnson v. State*, 564 S.W.2d 707 (Tex.Cr.App.1977).

In two grounds of error appellant complains the court erred in permitting testimony of the details of his escape and in permitting the testimony of the owner of the automobile stolen during the escape.

The record shows the appellant escaped from the bailiff as he was being placed in the hold over cell near the courtroom. He took the bailiff's gun and fired a shot that hit the jury room door and then fled. Thomas Hogle testified he had taken his 1973 Ford Mustang to a Ford Agency in Houston for servicing on November 1, 1976, and it was stolen from the Ford Agency's lot. Evidence also shows that appellant was arrested in Washington County driving Hogle's car on November 3, 1976.

■ Evidence of escape from custody or flight to avoid arrest is generally held admissible on the issue of guilt. *Hunter v. State*, 530 S.W.2d 573 (Tex.Cr.App.1975), and cases there cited. It is also relevant to show the efforts made to locate or apprehend the accused, his pursuit and capture, including his resistance to arrest when overtaken, even though this may also prove the commission of another crime. *Martinez v. State*, 140 Tex.Cr.R. 159, 140 S.W.2d 187 (Tex.Cr.App.1939); *Hunter v. State*, supra. The fact that circumstances of flight incidentally show the commission of another

crime does not render the evidence inadmissible. *Hunter v. State*, supra, and cases there cited.

■ It is clear that appellant's escape from custody and his flight were admissible and the fact that the commission of other crimes was shown to have occurred during that flight would not render evidence of such crimes inadmissible. Thus, Hogle's testimony was admissible. As to appellant's contention that the court should not have permitted testimony as to the details of the escape, we find no specific objection on this ground. The objection appellant directs us to is as to an extraneous offense, and the fact that the testimony of the bailiff about the escape was "irrelevant and immaterial to any issue in this lawsuit," we do not conclude that this was sufficient to call the trial court's attention to the complaint now urged on appeal, and nothing is presented for review.

Appellant urges that the court erred in failing to give limiting charges as to the extraneous offense of escape and theft of the automobile.

■ Escape and flight are circumstances from which an inference of guilt may be drawn. *Riles v. State*, 557 S.W.2d 95 (Tex.Cr.App.1977); *Fairris v. State*, 515 S.W.2d 921 (Tex.Cr.App.1974). A charge limiting the jury's consideration of certain testimony is not required where testimony was admissible to prove a main fact in the case. *Dillard v. State*, 477 S.W.2d 547 (Tex.Cr.App.1971); *Kirkpatrick v. State*, 515 S.W.2d 289 (Tex.Cr.App.1974). No error is presented.

■ Appellant also contends the indictment is fatally defective since it failed to allege the money taken was "without the effective consent of the complaining witness." An indictment for robbery need not allege the elements of theft. *Reese v. State*, 531 S.W.2d 638 (Tex.Cr.App.1976); *Hill v. State*, 568 S.W.2d 338 (Tex.Cr.App.1978). Appellant's contention is overruled.

Further, appellant complains the court erred in permitting "hearsay testimony pertaining to certain State's exhibits."

■ Reference is made to State's Exhibits 5, 6, 7, 8 and 10, which were parts of a "rape kit" containing various samples taken after the alleged offense from the complaining witness at a hospital. No authority is cited. We are directed to the complaining witness' testimony that the samples were placed in a box that she, the doctor and nurse initialed. We find no violation of the hearsay rule. The contention is without merit.

■ Next, appellant complains in a ground of error the proper predicate was not laid for the introduction of the above stated exhibits. The argument advanced is directed to the chain of custody of the "rape kit." We have carefully reviewed the evidence related thereto and conclude any objection the appellant may have had went to the weight to be given such evidence and not to its admissibility. *Mendoza v. State*, 552 S.W.2d 444, 448–449 (Tex.Cr.App.1977).

In another ground of error, again without citation of authority, appellant complains of a non–responsive answer of a State's witness on cross–examination.

On direct examination officer Billy Rosenbaum, who had assisted in appellant's arrest in Washington County after his escape, testified without objection that from what he saw of the appellant he would classify the appellant "as being mean." On cross–examination the witness was asked ". . . you would never even think to say he was mean without this prosecutor suggesting it to you, would you?" The witness responded he had come to his conclusion when appellant had given a statement that he had used the pistol found on him to shoot at a bailiff and the credit cards found on him had been taken from a woman in a robbery. Upon objection that the answer was unresponsive, the court sustained the objection and instructed the jury to disregard the answer, but denied the mistrial motion.

■ The answer was in response to a question directed to the witness by appellant's counsel. If there were any error, it was cured by the trial court's instruction to

disregard. *Evans v. State*, 542 S.W.2d 139, 141 (Tex.Cr.App.1976). The ground of error is overruled.

 Still further, the appellant complains of the harmful and non–responsive answer of the complaining witness when asked, upon direct examination after recall as a witness, whether she was able to form an opinion as to whether he was sane or not. She answered in the affirmative and then stated, "I felt he was perfectly sane. He knew what he was doing. He told me what he was doing. He said 'This is how we make our living. We rob and rape for a living.'" The court apparently sustained the objection, instructed the jury to disregard the answer, but overruled the mistrial motion. The answer appears in part to be res gestae of the offense and admissible. In view of the court's instructions to the jury to disregard the answer, we perceive no reversible error.

 Appellant complains he was deprived of a fair trial because his counsel was denied the right to testify before the jury on the trial on the merits that he (the appellant) was incompetent to stand trial. This was not an issue before such jury and we see no violation of due process as contended.

 Without citation of authority, the appellant complains that the court erred in refusing to charge on the lesser included offense of robbery. The undisputed evidence offered by the State showed aggravated robbery by using and exhibiting a deadly weapon. His defense was insanity. The record does not contain any evidence that if the appellant was guilty he was guilty only of robbery. See and cf. *Eldred v. State*, 578 S.W.2d 721 (Tex.Cr.App.1979). Appellant's contention is overruled.

Lastly, appellant complains of the court's refusal to instruct the jury to disregard certain argument of the prosecutor in his closing jury argument during the penalty stage of the trial.

The prosecutor argued:

"You have been for a week, probably 20 or 30 feet from a person that you probably didn't believe one human being could actually do everything that has been talked about here. And, I don't blame you for thinking that because we don't ordinarily deal with people like that because ordinarily we don't have them like that. But, this individual is an exception and he certainly deserves to be an exception."

Appellant then objected to the last sentence of the argument on the ground that it was unsworn testimony of the prosecutor and was prejudicial and inflammatory. The court overruled the objection, the request for a jury instruction to disregard and the motion for a mistrial.

 The appellant does not brief the ground of error, does not cite any authority and merely calls the matter to our attention. The brief does not comply with Article 40.09, § 9, V.A.C.C.P., and presents nothing for review. Further, we observe the record shows the appellant had robbed a woman at gunpoint, raped her, shot at a bailiff, escaped from custody, stolen an automobile and later resisted arrest. The prosecutor was entitled to make reasonable deductions from the evidence. His argument was not manifestly improper, harmful or prejudicial. *Holloway v. State*, 525 S.W.2d 165 (Tex.Cr.App.1975). The contention is overruled.

The judgment is affirmed.