George W. SCHENCK, Appellant,

v.

The STATE of Texas, Appellee.

No. 2–81–012–CR.

Court of Appeals of Texas,
Fort Worth.

Nov. 11, 1981.

Rehearing Denied Dec. 9, 1981.

Michael R. Thomas, Fort Worth, for appellant.

Mac Smith, Dist. Atty., Weatherford, for appellee.

Before HUGHES, JORDAN and RICHARD L. BROWN, JJ.

OPINION

HUGHES, Justice.

A jury found the appellant, George W. Schenck, guilty of the offense of murder and assessed his sentence at life imprisonment. The appellant's sole point of error is that the trial court erred in refusing to include an instruction as to "mitigation because of intoxication" in the charge to the jury. It is well settled that voluntary intoxication does not constitute a defense to the commission of a crime; however, temporary insanity caused by intoxication may be introduced in mitigation of punishment. V.T.C.A. Penal Code, § 8.04 (1974). We therefore consider the appellant's contention as it pertains to the punishment stage of the trial.

We affirm the trial court.

At trial the appellant did not refute that he murdered his wife at the residence of her paramour. The issue here is whether the evidence presented by the appellant as to his state of mind, allegedly induced by a voluntary mixture of alcohol and certain prescription drugs, was sufficient to warrant an instruction in mitigation of punishment.

It appears that the appellant initially requested such instruction at the guilt/innocence phase of the trial. It further appears that such requested instruction was addressed by the trial court at the punishment stage of the trial because the trial court asked if there were any requests for instructions other than the written request for mitigation instruction which the trial court had denied. For our purposes we shall assume that the request was properly before the court.

"In order for an accused to avail himself of the mitigation provision of V.T.C.A. Penal Code sec. 8.04 (1974) he must show that he was temporarily insane as a result of intoxication in that he (1) did not know his conduct was wrong or (2) was incapable of conforming his conduct to the requirements of the law he violated." *Hart v. State*, 537 S.W.2d 21, 24 (Tex.Cr.App.1976); V.T.C.A. Penal Code § 8.01 (1974).

The appellant's physician testified that he suffered physical infirmities for which he had prescribed Etrifon, a mood elevator and anti-depressant which contains a mild tranquilizer; Valium, a muscle relaxant and nerve settler; and Dalmene, a mild sleep medication.

Appellant testified that on July 24, 1977 he had taken Etrifon and Valium, in unspecified dosages, at approximately 11:30 or 12:00 that morning. The evidence further shows that he imbibed two six-packs of beer during the afternoon of that day. At 6:30 p. m. the appellant fell asleep and awoke at 1:00 a. m. on July 25, 1977. He then drove to the residence of his wife's paramour and, by his own admission, killed her.

Appellant's physician testified that a combination of alcohol with the medication would cloud the consciousness and impair judgment if there was enough alcohol. The physician did not specify how such a mixture would affect an individual with the appellant's characteristics.

An overview of the testimony does not reveal that appellant ever stated how he felt, as far as being intoxicated, when he awoke at 1:00 a. m. He merely testified that he became very angry when he saw his wife with her paramour as he looked through a window. Appellant made no direct claim attributing his anger to intoxication so as to meet the test of temporary insanity.

Even if it is conceded that the appellant was still under the influence of the combined drugs and alcohol, we hold that there is insufficient evidence of the elements which would constitute temporary insanity. The mere fact that appellant was intoxicated is not enough and there is no evidence which would indicate that appellant was beyond a state of being merely intoxicated.

The judgment is affirmed.