**Norman Wayne TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00468 CR.**

Court of Appeals of Texas, Dallas.

April 19, 1982.

Glenn R. Snyder, Dallas, for appellant.

R. K. Weaver, Asst. Dist. Atty., Dallas, for appellee.

Before GUITTARD, C. J., and VANCE and FISH, JJ.

FISH, Justice.

On this appeal from a probation revocation, appellant's sole ground of error is that the order granting him "shock probation" was fundamentally defective because it enlarged the term of his sentence. Therefore, he argues, the trial court erred in revoking his probation on the basis of that fundamentally defective order. For the reasons which follow, we hold that the order granting "shock probation" did not enlarge appellant's sentence and in consequence affirm.

To put appellant's claim in perspective, a brief chronology of events is necessary:

March 28, 1978: Appellant pleaded guilty to unlawful possession of a controlled substance, to-wit; marihuana (quantity more than 4 ounces), was found guilty, and was sentenced to two years confinement in the Texas Department of Corrections, with credit for time served beginning January 11, 1978. During sentencing, the judge suggested to appellant that he apply for "shock probation" as soon as he was eligible to do so. With the approval of his attorney and the court, appellant signed a written waiver of his right to appeal and was transferred to the Texas Department of Corrections to begin serving his sentence.

May 31, 1978: Appellant filed his motion for "shock probation" with the trial court.

July 25, 1978: The trial court signed an order placing appellant on "shock probation" for a period of two years.

June 6, 1979: The State filed a motion to revoke appellant's probation.

June 28, 1979: Appellant pleaded true to the motion to revoke his probation.

July 13, 1979: The trial court signed an order modifying the original terms of appellant's probation.

October 5, 1979: The State filed a second motion to revoke appellant's probation and a capias was issued for appellant's arrest.

July 25, 1980: The State filed a third motion to revoke appellant's probation.

January 3, 1981: Appellant was transferred to Dallas County from Martinez, California in the custody of Dallas County Sheriff's deputies.

March 20, 1981: After a hearing, the trial court signed an order revoking appellant's probation. The judge stated at the hearing, and his written order so reflects, that the revocation was not based on the 1980 motion, which was filed outside the 2-year probationary period, but on the motion filed October 5, 1979. Appellant was sentenced to confinement for two years commencing January 3, 1981, with

credit for time served in the Dallas County Jail from January 11 to July 25, 1978 and from June 11 to July 13, 1979.

Appellant's contention, as we understand it, is that his sentence of confinement in the Texas Department of Corrections would have ended two-years from the date of sentencing, i.e., no later than March 28, 1980, but for the trial court's order of July 28, 1978 granting him "shock probation" for two years. Since the two year period of probation was not due to end until July 28, 1980, appellant concludes that the trial court illegally augmented the term of his original sentence by four months.

The point raised by appellant does not appear to have been decided previously in this State, perhaps because the statute authorizing the "shock probation" procedure is a relatively recent enactment. The situation challenged by appellant always obtains in "shock probation", but rarely if ever in other probation cases: a delay of at least 60 days between sentencing and the grant of probation. The statute authorizing "shock probation" under which appellant was released expressly requires that at least 60 days of the sentence be served:

> After the expiration of 60 days but prior to the expiration of 120 days from the date the execution of the sentence actually begins, the judge of the court that imposed such sentence may, on his own motion or on written motion of the defendant, suspend further execution of the sentence imposed and place the defendant on probation under the terms and conditions of this article. . . ."

Art. 42.12, Sec. 3e(a), Tex.Code Crim.Pro. Ann. (Vernon 1979).

When the trial court grants probation at the time sentence is pronounced, it is clear that the period of probation may exceed the term of punishment assessed.[1] We are not persuaded that a different rule for fixing the period of "shock probation" should apply merely because the decision to grant such probation must be deferred for at least 60 days after sentencing. On the contrary, section 3 of article 42.12 announces a rule which by its terms is generally applicable to all forms of probation, including "shock probation"; the power it grants to the trial court to fix the period of probation is not made to depend on the date probation is granted. Appellant has offered neither argument nor authority to support a different rule for "shock probation." As a result, we decline to adopt any such rule and hold that the period of probation which may be fixed in "shock probation" cases is determined, as in other probation cases, by section 3 of article 42.12.

The period of probation fixed here was two years, the minimum authorized for the third degree felony offense of which appellant was convicted, see art. 4476–15, sec. 4.01(b)(3), Tex.Rev.Civ.Stat.Ann. (Vernon 1979), and well below the maximum of ten years permitted by article 42.12, section 3. It necessarily follows that no rights of appellant under the statute were violated by the trial court's assessment of a two-year probationary period.

Appellant also appears to claim that he has some unspecified "constitutional rights" which were violated by extending the period of his probation beyond the term of his original sentence. He admits that his sole authority, *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), is not controlling but suggests that it nevertheless offers a useful analogy. We agree that *Pearce*, which concerned federal habeas corpus relief from a state court sentence that had been vindictively augmented after a successful appeal, is not controlling, but we do not find it helpful even as an analogy. Absent some specification of these "constitutional rights," and citation of authority that they were violated by the trial court's action here, appellant's constitutional claim presents nothing for review.

---

1. In all cases where the punishment is assessed by the Court it may fix the period of probation without regard to the term of punishment assessed, but in no event may the period of probation be greater than 10 years or less than the minimum prescribed for the offense for which the defendant was convicted. Article 42.12, Section 3, Tex.Code Crim.Pro.Ann. (Vernon 1979).

See *McWherter v. State*, 607 S.W.2d 531, 536 (Tex.Cr.App.1980); *Brown v. State*, 605 S.W.2d 572, 577 (Tex.Cr.App.1980).

Affirmed.