Opinion filed April 6, 2006












 
 
  
 
 







 
 
  
 
 




Opinion filed April 6, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-04-00175-CR 

                                                    __________

 

                                  MANUEL HERNANDEZ, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 358th District Court

 

                                                           Ector
County, Texas

 

                                                 Trial
Court Cause No. D-30,188 

 



 

                                                                   O
P I N I O N

 

The jury found appellant guilty of aggravated
sexual assault of a child and assessed his punishment at confinement for life
and a $10,000 fine.  We affirm.

Appellant does not challenge the legal or factual
sufficiency of the evidence supporting the jury=s
verdict.  Appellant=s sole issue is that the trial court
erred in not conducting a competency evaluation of appellant when his attorney
requested one during his trial.

Background Facts

Over a year before appellant=s trial, his first attorney filed a
motion for a psychiatric examination.  On
January 7, 2003, the trial court granted the motion but did not set a
hearing.  On April 1, 2003, the trial
court granted a second motion for the appointment of a psychologist and
appointed Dr. Perry Marchioni to evaluate appellant.  The record is silent on whether Dr. Marchioni
ever evaluated appellant to determine if appellant had the present ability to
consult with his lawyer with a reasonable degree of rational understanding and
had a rational, as well as a factual, understanding of the proceedings.[1]


On January 14, 2004, appellant=s second attorney notified the trial
court that he represented appellant.  On
May 18, 2004, appellant=s
attorney announced that he was ready for trial and had been for some time but
that appellant was not ready because he did not know how to plea.  Appellant then told the court that A[he] might be guilty of half of it but
[he was] not guilty of the complete thing.@
The trial court pointed out to appellant that he had already entered a plea of
not guilty. 

Voir dire was conducted on May 18, 2004, and a
jury was selected.  Appellant pled Anot guilty,@
and the State presented seven witnesses before the court recessed.  At the beginning of the trial the next
morning, appellant=s
attorney made a motion to allow appellant to change his plea to Aguilty@
from Anot
guilty.@  After that motion was denied, the attorney
made the following request for an evaluation:

[DEFENSE COUNSEL]: Judge, I appreciate the ruling
[regarding the change of plea].  We would
also amend our oral request to include a competency evaluation for [appellant]
given the Court=s
recognition of vacillation as to guilt-innocence in this case.  If the Court is B
has a level of concern caused by that that causes it to protect his rights for
a jury to be empaneled and hear all the evidence, then obviously that concern
could well, and does lead me to question his ability to understand the
proceedings and to be of assistance, certainly as to the Court to assist him
when he is going back and forth on the guilt-innocence phase presents a great
problem for me as his attorney to represent him so we would ask the Court to
consider at this late time a competency evaluation for [appellant].

 








THE COURT: In light of the fact that counsel has
indicated to the Court without any doubt or reserve that he was ready for trial
and has been ready for some time and this matter has not been raised prior to
this time, the Court will then overrule your motion.

 

The evidence, which included DNA evidence,
conclusively supported the jury=s
verdict that appellant was guilty of aggravated sexual assault of a
twelve-year-old child.  During the
punishment phase, the State introduced testimony that appellant had served time
in prison for aggravated assault, that he had a bad reputation, and that he had
sexually assaulted his niece and his son.

Standard of Review

We review a trial court=s
decision not to conduct a competency hearing for an abuse of discretion.  Moore v. State, 999 S.W.2d 385 (Tex.
Crim. App. 1999).  A trial court abuses
its discretion if its decision is arbitrary or unreasonable.  Lewis v. State, 911 S.W.2d 1, 7 (Tex.
Crim. App. 1995).

Analysis

In McDaniel v. State, 98 S.W.3d 704 (Tex.
Crim. App. 2003), the court of criminal appeals emphasized that evidence
of a defendant=s
incompetency must be brought to the attention of the court before the trial
court is required to conduct a nonjury hearing, Aa
Section 2 [competency] inquiry.@  Id. at 710.  A competency inquiry is required only if
evidence is brought to the trial court=s
attention that raises a bona fide doubt in its mind about the defendant=s competency to stand trial.  Id. at 710.  The McDaniel court set forth the steps
that must be fulfilled for a determination that a defendant is incompetent to
stand trial:

1)
if a competency issue is raised by the defendant, any party, or the court; and

 

2)
evidence of incompetency is brought to the attention of the trial court by the
defendant, any party, or the court;

 

3)
of the type to raise a bona fide doubt in the judge=s mind regarding the defendant=s competency to stand trial; then

 

4)
the judge must conduct a Section 2 Acompetency
inquiry@ to
determine if there is some evidence sufficient to support a finding of
incompetence, and if there is,

 

5)
the judge must impanel a jury for a Section 4 Acompetency
hearing.@  (emphasis in original)

 

Id.
at 710-11.

 








The court of criminal appeals based the steps on
former Tex. Code Crim. Proc. art.
46.02 (2002) which is applicable in this case. 
After setting forth the steps, the court of criminal appeals again
emphasized the importance of evidence:

The
requirements of each step must be fulfilled before moving on to the next.  The naked assertion, AI
am incompetent,@
unsupported by any facts or evidence, is not sufficient, by itself, to require
either a Acompetency
inquiry@ under
Section 2 or a jury Acompetency
hearing@ under
Section 4.

 

Id. at 711.  All we
have in this case is each attorney for appellant taking only step one, raising
the issue of incompetency.  Neither
attorney brought any evidence of appellant=s
incompetency to the attention of the trial court.  Steps two and three were not satisfied.  See McDaniel, 98 S.W.3d at
710-11.  Appellant=s
vacillation on whether to plead guilty or not guilty was not evidence of
incompetence.

Neither attorney recited any specific problems he
or she had in communicating with appellant. 
See McDaniel, 98 S.W.3d at 710-11 n.19.  The motions by appellant=s attorneys requesting that appellant
be evaluated, which were not supported by any evidence, were not sufficient
evidence Ato create
a bona fide doubt@ about
appellant=s mental
competency to stand trial.  McWherter
v. State, 607 S.W.2d 531, 534 (Tex. Crim. App. 1980).  The fact that the trial court ordered a
psychiatric examination back in 2003 did not constitute a determination that an
issue as to appellant=s
competency existed.  Johnson v. State,
564 S.W.2d 707, 711 (Tex. Crim. App. 1978).

Appellant=s
sole issue is overruled.

This Court=s
Ruling

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

April 6, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.











[1]That was the test for competency under former Tex. Code Crim. Proc. art. 46.02, ' 1(A) (2002). 
It is also the current test, which is now found in Tex. Code Crim. Proc. Ann. art. 46B.003
(Vernon Supp. 2005).