COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-353-CR

 

 

MICHAEL LYNN BEAN                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction

In one point, Appellant
Michael Lynn Bean asserts error on the part of the trial court by denying a
request for a jury instruction on voluntary intoxication.  We affirm.

 








II.  Background

About 10:30 a.m. on February
5, 2005, Bean approached Arlyle Herreos as she was unloading groceries from the
trunk of her car, which was parked in the driveway of her home.  After asking for directions from Herreos, he
told her he had a gun and to give him her purse.  She began screaming for her seventeen year
old son and running toward her house as Bean pulled her purse from her so that
she was Aflung around.@  She feared she would be shot.  Bean then got in a brownish vehicle and drove
away but not before Herreos had memorized the license plate number.  She then called 911 and reported the robbery.

Shortly thereafter, Bean=s vehicle was spotted on I-20 at McCart and a three-county pursuit
followed, which included a police helicopter and ended in Kauffman County with
Bean resisting arrest until he was ATased.@  Bean=s vehicle was only halted after spikes were deployed on the highway by
DPS officers, and Bean attempted to continue moving even after the front tires
were deflated and the vehicle was approached by seven officers.  Bean refused to exit the vehicle, and it was
necessary to break two windows to extract him from the car, and then he fought
with the officers, necessitating the use of the Taser gun.  Herreos=s purse and items belonging to her were found on the passenger=s floorboard.








At trial, the State adduced
evidence of the foregoing events, including video of the pursuit.  Herreos identified Bean as the perpetrator to
the jury.  The State also offered pen
packets concerning three cases of robbery by threat, theft from a person, and a
written statement containing admissions of eleven robberies in the early 1990s.

The defense called nine
witnesses at trial, including Bean.  It
was Bean=s position that he had been up all night using drugs and was high, and
dazed during the event.  He said he did
not know why he grabbed the Herreos=s purse and testified, AI saw it and I grabbed it.  I
don=t know why.  I just did it.@

Bean=s counsel requested a jury instruction on voluntary intoxication at
the time of the offense, which was denied by the trial court.  The jury returned a punishment verdict of forty-five
years= confinement for the robbery-by-threats count, enhanced, and two years
for thee evading arrest by vehicle count. 
This appeal resulted.

III.  Voluntary Intoxication

In his sole point, Bean
argues that the trial court improperly denied the jury instruction on voluntary
intoxication at the time of the offense. 


In Frias v. State, the
standard for giving such an instruction was recounted:








Sections
8.04(a) and 8.04(b) of the Texas Penal Code provide that voluntary intoxication
is not a defense to crime but that evidence of such intoxication may be
introduced by the actor in mitigation of the punishment.  Section 8.04(c) of the Texas Penal Code
provides that when temporary insanity is relied on as a defense and the
evidence tends to show that the insanity was caused by intoxication, the court
is to charge the jury in accordance with the provisions of section 8.04.  Section 8.01(a) of the penal code provides
that it is an affirmative defense to prosecution that, at the time of the
conduct charged, the actor, as a result of severe mental disease or defect, did
not know that his conduct was wrong. 
Sections 8.01(a) and 8.04, considered together, require that a
defendant, in order to be entitled to a charge under section 8.04, must show
that, as a result of intoxication, he did not know that his conduct was wrong.

 

775 S.W.2d 871, 872B73 (Tex. App.CFort Worth
1989, no writ) (emphasis supplied). 
Thus, the key to our inquiry is whether Bean showed that, at the time of
the offense, he did not know his conduct was wrong.  See id.  To determine if Bean made such a showing we
must review the testimony and evidence presented to the trial court.  








Our review of the testimony
reveals that Bean testified that on the day of the offense he Ahad been up all night using drugs,@ that he was Ahigh@ and in a Adaze,@ and that he was not Athinking clearly.@  Furthermore, Bean testified
that he didn=t know why
he had stolen Herreos=s
purse.  We agree with the State that Bean=s testimony of  being in a Adaze@ and not Athinking clearly@ is
distinguishable from the testimony in Frias that warranted a jury
instruction on voluntary intoxication. 
In Frias, the defendant testified that Acocaine made things seem unreal, that he did not know what he was
doing, and that he did not realize what was happening.@  Id. at 872.  Bean=s testimony does not rise to that level.

For a defendant to benefit
from the provisions of section 8.04 of the Texas Penal Code, he must do more
than merely present evidence of intoxication or even gross intoxication.  Arnold 
v. State, 742 S.W.2d 10, 14 (Tex. Crim. App. 1987).  Evidence showing the defendant was
intoxicated and nothing more does not justify submission of an issue on
temporary insanity, and refusal to submit such charge in mitigation of
punishment is not error.  Id.; see
also Schenck v. State, 624 S.W.2d 757, 758 (Tex. App.CFort Worth 1981, no writ).  Bean=s testimony merely showed, at most, that he was intoxicated.  See Arnold, 742 S.W.2d at 14.  His testimony did not establish that he did
not know that his conduct was wrong.  See
Frias, 775 S.W.2d at 873.








Moreover, the evidence of
what transpired after the offense also indicates that Bean knew his conduct was
wrong.  Bean testified that after he
stole Herreos=s purse, he
Aran to [his] car.@  Additionally, the videotape of
Bean=s three-county car chase was published to the jury at trial.  Bean continued driving even after his vehicle=s front tires were deflated. 
Evidence of flight can lead to an inference about whether Bean had a
guilty conscience about his crime.  See
McWherter v. State, 607 S.W.2d 531, 535 (Tex. Crim. App. 1980); Thames
v. State, 453 S.W.2d 495, 501 (Tex. Crim. App. 1970) (judgment vacated on
other grounds).  Thus, Bean=s flight indicates that he knew his conduct was wrong.  

Based upon the testimony and
evidence presented at trial, we hold that Bean failed to show that at the time
of the offense he did not know his conduct was wrong.  Therefore, he was not entitled to a jury
instruction on voluntary intoxication.

IV. Conclusion

Because the trial court
committed no error, we affirm the trial court=s judgment.

 

 

 

PER CURIAM

 

PANEL F:    MCCOY, DAUPHINOT, and HOLMAN, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  October 19, 2006

 

 

 

 











[1]See Tex. R. App. P. 47.4.