COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-353-CR

MICHAEL LYNN BEAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

In one point, Appellant Michael Lynn Bean asserts error on the part of the trial court by denying a request for a jury instruction on voluntary intoxication.  We affirm.

II.  Background

About 10:30 a.m. on February 5, 2005, Bean approached Arlyle Herreos as she was unloading groceries from the trunk of her car, which was parked in the driveway of her home.  After asking for directions from Herreos, he told her he had a gun and to give him her purse.  She began screaming for her seventeen year old son and running toward her house as Bean pulled her purse from her so that she was “flung around.”  She feared she would be shot.  Bean then got in a brownish vehicle and drove away but not before Herreos had memorized the license plate number.  She then called 911 and reported the robbery.

Shortly thereafter, Bean’s vehicle was spotted on I-20 at McCart and a three-county pursuit followed, which included a police helicopter and ended in Kauffman County with Bean resisting arrest until he was “Tased.”  Bean’s vehicle was only halted after spikes were deployed on the highway by DPS officers, and Bean attempted to continue moving even after the front tires were deflated and the vehicle was approached by seven officers.  Bean refused to exit the vehicle, and it was necessary to break two windows to extract him from the car, and then he fought with the officers, necessitating the use of the Taser gun.  Herreos’s purse and items belonging to her were found on the passenger’s floorboard.

At trial, the State adduced evidence of the foregoing events, including video of the pursuit.  Herreos identified Bean as the perpetrator to the jury.  The State also offered pen packets concerning three cases of robbery by threat, theft from a person, and a written statement containing admissions of eleven robberies in the early 1990s.

The defense called nine witnesses at trial, including Bean.  It was Bean’s position that he had been up all night using drugs and was high, and dazed during the event.  He said he did not know why he grabbed the Herreos’s purse and testified, “I saw it and I grabbed it.  I don’t know why.  I just did it.”

Bean’s counsel requested a jury instruction on voluntary intoxication at the time of the offense, which was denied by the trial court.  The jury returned a punishment verdict of forty-five years’ confinement for the robbery-by-threats count, enhanced, and two years for thee evading arrest by vehicle count.  This appeal resulted.

III.  Voluntary Intoxication

In his sole point, Bean argues that the trial court improperly denied the jury instruction on voluntary intoxication at the time of the offense.  

In 
Frias v. State
, the standard for giving such an instruction was recounted:

Sections 8.04(a) and 8.04(b) of the Texas Penal Code provide that voluntary intoxication is not a defense to crime but that evidence of such intoxication may be introduced by the actor in mitigation of the punishment.  Section 8.04(c) of the Texas Penal Code provides that when temporary insanity is relied on as a defense and the evidence tends to show that the insanity was caused by intoxication, the court is to charge the jury in accordance with the provisions of section 8.04.  Section 8.01(a) of the penal code provides that it is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, did not know that his conduct was wrong.  Sections 8.01(a) and 8.04, considered together, require that 
a defendant, in order to be entitled to a charge under section 8.04, must show that, as a result of intoxication, he did not know that his conduct was wrong
.

775 S.W.2d 871, 872–73 (Tex. App.—Fort Worth 1989, no writ) (emphasis supplied).  Thus, the key to our inquiry is whether Bean showed that, at the time of the offense, he did not know his conduct was wrong.  
See id.
  To determine if Bean made such a showing we must review the testimony and evidence presented to the trial court.  

Our review of the testimony reveals that Bean testified that on the day of the offense he “had been up all night using drugs,” that he was “high” and in a “daze,” and that he was not “thinking clearly.”  Furthermore, Bean testified that he didn’t know why he had stolen Herreos’s purse.  We agree with the State that Bean’s testimony of  being in a “daze” and not “thinking clearly” is distinguishable from the testimony in 
Frias 
that warranted a jury instruction on voluntary intoxication
.  
In 
Frias
,
 
the defendant testified that “cocaine made things seem unreal, that he did not know what he was doing, and that he did not realize what was happening.”  
Id. 
at 872
.  
Bean’s testimony does not rise to that level.

For a defendant to benefit from the provisions of section 8.04 of the Texas Penal Code, he must do more than merely present evidence of intoxication or even gross intoxication.  
Arnold  v. State
, 742 S.W.2d 10, 14 (Tex. Crim. App. 1987).  Evidence showing the defendant was intoxicated and nothing more does not justify submission of an issue on temporary insanity, and refusal to submit such charge in mitigation of punishment is not error.  
Id.
; 
see also Schenck v. State
, 624 S.W.2d 757, 758 (Tex. App.—Fort Worth 1981, no writ).  Bean’s
 testimony merely showed, at most, that he was intoxicated.  
See Arnold
, 742 S.W.2d at 14.  His testimony did not establish that he did not know that his conduct was wrong.  
See Frias, 
775 S.W.2d
 at 873.

Moreover, the evidence of what transpired after the offense also indicates that Bean knew his conduct was wrong.  Bean testified that after he stole 
Herreos’s purse,
 
he “ran to [his] car.”  Additionally, the videotape of Bean’s three-county car chase was published to the jury at trial.  Bean continued driving even after his vehicle’s front tires were deflated.  Evidence of flight can lead to an inference about whether Bean had a guilty conscience about his crime.  
See McWherter v. State
,
 
607 S.W.2d 531, 535 (Tex. Crim. App. 1980); 
Thames v. State
, 453 S.W.2d 495, 501 (Tex. Crim. App. 1970) (judgment vacated on other grounds).  Thus, Bean’s flight indicates that he knew his conduct was wrong.  

Based upon the testimony and evidence presented at trial, we hold that Bean failed to show that at the time of the offense he did not know his conduct was wrong.  Therefore, he was not entitled to a jury instruction on voluntary intoxication.

IV. Conclusion

Because the trial court committed no error, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 19, 2006

 

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.