Robert Gene WILL, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–81–384–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 21, 1982.

Ron Mock, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

JAMES, Justice.

Appellant was convicted by a jury of the offense of forgery and was assessed a punishment of eight years in the Texas Department of Corrections. We affirm.

The sole ground of error is that the trial court refused to grant a hearing on the appellant's competency to stand trial. Appellant attempted to raise the issue of competency on the day of trial by an oral motion. The basis of appellant's request was that he was a drug addict and had seen many psychiatrists. The trial judge asked several questions of appellant to establish whether or not there was any basis for the requested competency hearing. The response to the questions did not indicate the necessity for a competency hearing; however, the trial judge then inquired of the attorney as to his ability to converse with the appellant and whether he believed appellant was competent to stand trial. The following exchange ensued:

THE COURT: Mr. Mock, have you been able to converse with this defendant?

MR. MOCK: I have, Your Honor.

THE COURT: Have you had any problems talking to him about the facts in this case, what his defense would be?

MR. MOCK: None whatsoever.

MR. MOCK: I have, Your Honor.

THE COURT: Did he seem to understand you?

MR. MOCK: He did.

THE COURT: Have you been able to confer with him about any plea bargaining?

THE COURT: You believe he is competent in your own mind?

MR. MOCK: He is competent.

The law concerning raising the issue of incompetency to stand trial is set out in Tex.Code Crim.Proc. Art. 46.02 § 2(a) and (b):

Sec. 2(a) The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits *if the court determines there is evidence to support a finding of incompetency to stand trial* on its own motion or on written motion by the defendant or his counsel filed prior to the date set for trial on the merits asserting that the defendant is incompetent to stand trial.

(b) If during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial. (Emphasis ours)

■ The test for determining competency to stand trial is whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him. *McWherter v. State*, 607 S.W.2d 531 (Tex.Cr.App.1980); *Reeves v. State*, 516 S.W.2d 140 (Tex.Cr. App.1974).

■ In *McWherter, supra*, trial counsel testified that he did not believe appellant was competent to stand trial and that appellant had lately "withdrawn into a shell." The court there held that under all the circumstances, including counsel's testimony, the trial judge did not have before him sufficient evidence "to create a bona fide doubt" as to appellant's competency so as to require a competency hearing. See also *Johnson v. State*, 564 S.W.2d 707 (Tex.Cr. App.1977) In the instant case, counsel's testimony was to the effect that appellant was competent. Although counsel's belief is not the decisive factor, as is apparent from *McWherter*, it is helpful in apprising the trial court as to whether the defendant has sufficient ability to consult with his lawyer with a reasonable degree of rational understanding. We find that under all the circumstances, the trial judge in the case

before us did not have sufficient evidence of mental incompetency to require him to grant the requested hearing.

We affirm.