Julian ORTIZ, Appellant,

v.

The STATE of Texas, Appellee.

No. C14-92-00279-CR.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 28, 1993.

Frumencio Reyes, Jr., Brian W. Wice, Houston, for appellant.

Dan McCrory, Houston, for appellee.

Before ROBERTSON, CANNON and MORSE,* JJ.

* J. MORSE sitting by designation.

## OPINION

CANNON, Justice.

Appellant entered a plea of not guilty before the court to the offense of murder. He was convicted and the court assessed punishment at 20 years imprisonment. Appellant brings three points of error alleging ineffective assistance of counsel during the punishment phase of his trial. We affirm.

■ In his first point, appellant alleges that he was denied reasonably effective assistance of counsel because counsel failed to inform him that the trial court could not assess probation if the court found that appellant had used a deadly weapon during the commission of the offense. Because the error occurred during the punishment phase of the trial, the standard articulated in *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Crim.App.1980), controls. *Ex parte Cruz*, 739 S.W.2d 53, 58 (Tex.Crim.App.1987). Under *Duffy*, the effectiveness of counsel is judged under the Sixth Amendment standard, that is, reasonably effective assistance of counsel. The sufficiency of an attorney's representation is gauged by the totality of his representation of the accused, and not by hindsight. The question is not whether appellant received errorless counsel; rather, it is whether appellant received reasonably effective assistance. *Ex parte Cruz*, 739 S.W.2d at 58. Each case must be reviewed based upon its individual facts and circumstances. *Ex parte Gallegos*, 511 S.W.2d 510, 511 (Tex.Crim.App. 1974).

■ Where an appellant claims counsel was ineffective because counsel failed to properly inform the defendant about eligibility for probation, the appellant carries the burden of demonstrating: (1) that appellant was initially eligible to receive probation; (2) that counsel's advice to go to the trial judge was not given as part of a valid trial strategy; (3) that appellant's decision to have the judge assess punishment was based upon counsel's erroneous advice; and, (4) that appellant's decision would have been different if his attorney had correctly advised him of the law. *State v. Recer*, 815 S.W.2d 730, 731–732 (Tex. Crim.App.1991). Appellant has not shown that counsel's advice to go before the trial judge was not part of a valid trial strategy, and that his decision would have been any different if counsel had correctly advised him about the law.

The decision to have the trial court assess punishment goes hand in hand with counsel's decision to try guilt-innocence to the trial judge. Consequently, we must take into consideration counsel's reasons for trying the entire case before the court. Trial counsel testified that his decision to go to the court on guilt-innocence was motivated by his fear that the prosecution would approach the case from a "gang hysteria" angle. Both the prosecution and defense counsel attempted to elicit testimony from witnesses at trial that the defendant acted in concert with at least two other individuals. Moreover, trial counsel put eight witnesses on the stand who stated that the appellant was not the perpetrator of the crime, and that he was with them at the time it took place. The state responded with an attempt to discredit these witnesses' testimony by showing that they were friends of the appellant, that their testimony was fabricated, and that one witness even participated in the attack upon the deceased.

Given current public opinion, we find that the record supports trial counsel's belief that testimony concerning gang activity would prejudice a jury against finding appellant innocent, and that the trial judge would be a more fair and impartial arbiter of guilt or innocence. Whether this outweighed the possibility that a jury might assess probation, is not within our province to decide; trial strategy is and remains the decision of trial counsel.

■ Both appellant and the State rely on cases decided prior to *Recer* to support their respective arguments. We find no conflict between these cases and *Recer*. The case at bar differs significantly from the cases cited by appellant. In each of the three cases cited by appellant, *Ex parte Canedo*, 818 S.W.2d 814 (Tex.Crim.App.1991), *Turner v. State*, 755 S.W.2d 207, 208 (Tex.App.—Houston [14th Dist.] 1987, no writ), and *Stone v. State*, 751 S.W.2d 579 (Tex.App.—Houston [1st Dist.] 1988, pet. ref'd), defense counsel

was mistaken as to the state of the law. Since the trial strategy in each of those cases was based principally on counsel's erroneous belief, effective assistance was impossible. In appellant's case, however, defense counsel knew the state of the law. Nevertheless, considering the consequences of going before the jury on guilt-innocence and the chances of obtaining an acquittal by going before the court, the attorney advised appellant to waive trial by jury. Appellant did so in open court before the start of trial. Defense counsel's advice to go before the court for trial and sentencing was given as part of a sound trial strategy. We wish to stress, however, that erroneously advising a defendant that a jury can grant probation where a court cannot, does not *per se* render assistance of counsel ineffective. Rather, the methodology applied in *Recer* controls in making this determination. *See, e.g., Ex parte Cruz,* 739 S.W.2d 53 (Tex.Crim.App.1987) (trial counsel mistaken; not ineffective assistance). Appellant has failed to show that counsel was ineffective. We overrule appellant's first point of error.

■ In his second point, appellant argues that defense council completely abdicated his responsibility to prepare for the punishment stage of the trial. Appellant bases this contention on the fact that counsel testified that he concentrated 99 percent on the guilt/innocence phase prior to trial. Had the determination of punishment occurred immediately after adjudication of appellant's guilt or innocence, we might consider this argument to have merit. The record clearly demonstrates, however, that two months elapsed before the punishment phase was tried before the court. Appellant brings forth no evidence that defense counsel failed wholly to prepare during this time frame. An assertion of ineffective assistance of counsel will be sustained only if the record affirmatively supports such a claim. *Ex parte Ewing,* 570 S.W.2d 941, 943 (Tex.Crim.App.1978). Appellant failed to meet this burden.

■ Appellant's argument that defense counsel called no witnesses other than appellant, and delivered a short, incoherent closing argument is also insupportable. Defense counsel called only the appellant as a witness and elicited testimony that appellant had never been in trouble before. Defense counsel then delivered a short closing argument, perhaps, as the State suggests, to focus the court's attention on appellant's testimony. The court also had before it a pre-sentencing trial report which contained many letters from friends and relatives attesting to appellant's good character.

■ Which witnesses to call, and what type of closing argument to make, are clearly trial strategy. Trial strategy will only be reviewed if the record demonstrates that the argument was without any plausible basis. *Ewing,* 570 S.W.2d at 945. The fact that another attorney might have pursued another trial strategy will not support a finding of ineffectiveness of counsel. *Blott v. State,* 588 S.W.2d 588, 592 (Tex.Crim.App.1979). Reviewing the record and the arguments of both the State and appellant, we find that defense counsel delivered reasonably effective assistance of counsel. Appellant's second point of error is overruled.

■ Lastly, appellant argues that defense counsel failed to adequately determine whether appellant was competent to knowingly and intelligently waive his right to jury sentencing. The gravamen of his complaint, however, is that his waiver of his right to trial by jury was not intelligently, knowingly, and voluntarily made because he was incompetent and did not understand the consequences.

The only evidence in the record concerning appellant's competency is trial counsel's own assertion that appellant had the competency of an 8-year old boy, and references in the pre-sentencing report that (1) his basic written and reading expression skills were at a second grade level, (2) his mathematical calculation skills were at a low fourth grade level, (3) he had learning disabilities, (4) he dropped out of school in the tenth grade, and (5) he worked part-time for a pot-hole repair company. Counsel further testified that appellant understood that he had killed a man and that he had charges pending against him for the murder of that man.

■ A defendant is competent to stand trial if he has sufficient present ability to

consult with his lawyer with a reasonable degree of rational understanding, or a rational as well as factual understanding of the proceedings against him. TEX.CODE CRIM. PROC.ANN. art. 46.02 sec. 1(a) (Vernon 1979). Competence is presumed absent proof by a preponderance of the evidence that the defendant is incompetent to stand trial. TEX. CODE CRIM.PROC.ANN. art. 46.02 sec. 1(b) (Vernon 1979). The belief of trial counsel that a defendant is or is not competent is not determinative of competency. *See, Will v. State,* 630 S.W.2d 328, 329 (Tex.App.—Houston [14th Dist.] 1982, no pet.).

There is nothing in the record to indicate that appellant did not possess a rational and factual understanding of the proceedings against him. Appellant knew that he had killed a man and that charges were pending against him for that act. Although counsel did not explain to appellant the consequences of waiving a trial by jury, the record shows that the trial court did. Specifically, the trial court asked appellant if he (1) understood his right to a jury trial, (2) understood that by waiving a jury, trial would be to the court, (3) understood that if the court found that he had used a deadly weapon, the court could not grant probation, and further informed him that a jury could grant probation in that circumstance, and (4) still desired to waive his right to trial by jury. Appellant responded affirmatively to each of these questions.

Appellant makes much of the fact that the pre-sentencing report indicates appellant had very poor writing, reading, and mathematics skills, and some learning disabilities. Nevertheless, the report also shows that he remained in school until the tenth grade, and that he worked for a pot-hole filling company. This is not sufficient to show that appellant did not understand the nature of his act, the nature of the charges pending against him, nor the effect of waiving his right to trial by jury. Nor is this sufficient evidence to put the trial court on notice that appellant might have been incompetent.

An assertion of ineffective assistance of counsel will be sustained only if the record affirmatively supports such a claim. *Ewing,* 570 S.W.2d at 943 (Tex.Crim.App.1978). In an ineffective assistance claim, a reviewing court cannot reverse based upon speculation. *Huynh v. State,* 833 S.W.2d 636, 638 (Tex. App.—Houston [14th Dist.] 1992, no writ). There is no affirmative showing in the record

that appellant was incompetent to waive his right to trial by a jury. The record does reflect that defense counsel believed it to be in the appellant's best interest to try the case before the court. Appellant's argument that he was unable to knowingly and intelligently waive his right to a jury trial is unsupported. Therefore, we overrule appellant's last point of error. The judgment is affirmed.