Opinion issued January 29, 2009





 


 




In The

Court of Appeals

For The

First District of Texas

_________


NO. 01-07-00025-CV

___

__________


MICHELLE HAUFRECT CROWDEN, Appellant


V.


DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee

__________________________________________________________________


 On Appeal from the 328th District Court

Fort Bend County, Texas

Trial Court Cause No. 02-CV-127414 






MEMORANDUM OPINION


 The Department of Family and Protective Services tried this parental rights
termination proceeding before a jury. The jury determined that Michelle Haufrect
Crowden's parental rights should be terminated, and the trial court entered an order
terminating Crowden's parental rights to her daughter, R.H. Crowden filed a motion
for new trial, which the trial court heard and denied. This Court abated and remanded
for further development of the record regarding ineffective assistance of counsel, after
which the trial court found there to be no ineffective assistance of counsel. Haufrect
appealed, asserting a single challenge to the effectiveness of her trial counsel. 

Ineffective Assistance of Counsel

 On appeal, appellant challenges only the effectiveness of trial counsel, arguing
that counsel failed to (1) include ineffective assistance of counsel as a point in her
statement of points for appeal, (2) seek funds for expert assistance regarding
appellant's psychiatric diagnosis and medical state, (3) properly investigate the case
or prepare for trial, including failing to interview and/or call witnesses (4) ask for a
continuance, (5) impeach a critical witness, and (6) properly present appellant's
motion for new trial by failing to have appellant present at the hearing.

Standard of Review

 In parental termination cases, when there is mandatory appointment of counsel,
the appointed counsel must be held accountable if she is ineffective. In re J.M.S., 43
S.W.3d 60, 63 (Tex. App.--Houston [1st Dist.] 2001, no pet.). The right-to-counsel
standard in criminal cases is the same standard that is to be used in parental-termination
cases. Id. 

 The United States Supreme Court, in Strickland v. Washington, has held that the
"benchmark for judging any claim of ineffectiveness must be whether counsel's
conduct so undermined the proper functioning of the adversarial process that the trial
cannot be relied on as having produced a just result." Strickland v. Washington, 466
U.S. 668, 686, 104 S. C t. 2052, 2064 (1984). Strickland establishes two factors for
determining the proper standard for attorney performance. First, the performance must
be deficient to the level that counsel made errors so serious that counsel was not
functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment, and,
second, the defendant must show that the deficient performance prejudiced the defense.
Id. 466 U.S. at 687, 104 S. Ct. at 2064. The counsel's errors must have been so serious
as to deprive the defendant of a fair trial, and there is a reasonable probability that, but
for the counsel's unprofessional errors, the result would have been different. Id., 466
U.S. at 694, 104 S. Ct. at 2068. 

 There is a strong presumption that counsel's conduct fell within the wide range
of reasonable professional assistance, and the defendant must overcome the
presumption that the challenged action might be considered sound trial strategy. Id.,
466 U.S. at 689, 104 S. Ct. at 2065. To overcome the presumption of reasonable
professional assistance, "any allegation of ineffectiveness must be firmly founded in
the record, and the record must affirmatively demonstrate the alleged ineffectiveness." 
Thompson v. State, 9 S.W.3d at 808, 814 (Tex. Crim. App. 1999). When determining
the validity of an ineffective assistance of counsel claim, judicial review must be highly
deferential to trial counsel and avoid the deleterious effects of hindsight. Ingham v.
State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). When the record is silent as to the
reasons for counsel's conduct, a finding that counsel was ineffective would normally
require impermissible speculation by the appellate court. Stults v. State, 23 S.W.3d
198, 208 (Tex. App--Houston [14th Dist.] 2000, pet. ref'd). Absent specific
explanations for counsel's decisions, a record on direct appeal will rarely contain
sufficient information to evaluate an ineffective assistance claim. Bone v. State, 77
S.W.3d 828, 833 (Tex. Crim. App. 2002). 

 However, "when no reasonable trial strategy could justify trial counsel's
conduct, counsel's performance falls below an objective standard of reasonableness as
a matter of law, regardless of whether the record adequately reflects trial counsel's
subjective reasons for acting as [she] did." Andrews v. State, 159 S.W.3d 98, 102 (Tex.
Crim. App. 2005). If a criminal defendant can prove trial counsel's performance was
deficient, she must still affirmatively prove she was prejudiced by counsel's actions. 
Thompson, 9 S.W.3d at 812. This requires the defendant to demonstrate a reasonable
probability that the result of the proceeding would have been different if trial counsel
had acted professionally. Id. "A reasonable probability is a probability sufficient to
undermine confidence in the outcome." Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim.
App. 2001).

Failure to Include Ineffective Assistance in Statement of Points

 Appellant asserts that her trial counsel was ineffective because counsel did not
include an ineffective assistance of counsel point in her statement of points for appeal. 
However, the record shows that this is an incorrect statement. On December 22, 2006,
trial counsel filed "Respondent Michelle Haufrect Crowden's Statement of Points on
Which Party Intends to Appeal," complaining of, among other things, "ineffective
assistance of counsel." Because trial counsel included the ineffective assistance of
counsel point in the statement of points, appellant cannot show that counsel's conduct
fell below a reasonable standard. Accordingly, appellant fails to meet the first prong
of the Strickland test.

 Additionally, this Court has held that one may raise the issue of ineffective
assistance of counsel even when the point is raised for the first time on appeal. Bermea
v. Dept. of Family and Protective Services, 265 S.W.3d 34, 40-41 (Tex. App.--
Houston [1st Dist.], pet. denied); Doe v. Brazoria County Child Protective Servs., 226
S.W.3d 563, 576 (Tex. App.--Houston [1st Dist.] 2007, no pet.), citing In re J.M.S.,
43 S.W.3d at 64. 

 Therefore, appellant also fails to meet the second prong of the Strickland test,
because, even if counsel had failed to include the effectiveness of trial counsel in her
statement of points, appellant would have been able to appeal on that point. See
Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. 

Mental Health Evaluation

 Appellant also claims that trial counsel was ineffective due to her "failure to
obtain expert assistance [from a mental health expert]" and that this failure "allowed
the Department to argue that [appellant] had not complied with the parenting plan
regarding counseling and medication."

 First, we note that an indigent defendant has no per se right to appointment of
an expert. See In re J.T.G., 121 S.W.3d 117, 130 (Tex. App.--Fort Worth 2003, no
pet.) (declining to hold that due process requires the appointment of expert assistance
in parental termination cases). 

 Second, we note that trial counsel explained her reasoning for not seeking an
expert as follows:

 After reviewing all the records that MHMR has or that the State had
offered from both MHMR here in Fort Bend and the records that came
from Waco as well, it was my belief that even if an independent physician,
psychologist, psychiatrist had been employed to evaluate Ms. Crowden,
that for the purposes of succeeding in a termination case, that any of those
diagnosis would, I felt, . . . not have benefitted her. And certainly they
would not have explained the criminal behavior that I knew was going to
come or going to come into evidence.


 My feeling was that if we had had an independent medical examination,
that it could not have rendered such testimony or such evidence that
would have overturned a termination; but, in fact, it could very well have
hurt us or have hurt Ms. Crowden if that testimony were in any way
contested by the State.

 

 Thus, there is evidence in the record to show that counsel's decision not to seek
appointment of an expert was based on trial strategy. However, there is nothing in the
record to show that this decision was not sound. Appellant does not argue how an
expert could have helped her or that, if an expert had been appointed, the result of the
proceeding would have been different. Thus, appellant fails to meet the second prong
of the Strickland test.

Trial Preparation

 Appellant also claims that trial counsel was not adequately prepared for trial. 
Specifically, appellant contends that trial counsel (1) failed to interview a neighbor,
Trey Bass, who would have testified he never saw signs of abuse or neglect and that
appellant's children appeared well-cared for, (2) failed to interview Deborah Lindsey,
appellant's cousin, who would have been willing to provide foster care for appellant's
child, and (3) failed to call appellant's aunt, Shirley Bowman, to testify about the
possibility of caring for appellant's child.

 Trey Bass

 At the motion for new trial hearing, trial counsel testified that she did not
interview Trey Bass because, after discussing the issue with appellant, counsel
concluded that Bass (1) did not have close ties with appellant, (2) would not have been
able to testify about having close ties with appellant; and (3) would not have been able
to testify about seeing appellant interact with her child. Thus, the record shows that
counsel did, in fact, consider interviewing Bass, but, after consultation with appellant,
concluded that his testimony would not be helpful and might, in fact, make appellant
appear "desperate." Counsel also testified that, after reviewing depositions from other
neighbors stating that they had seen signs of abuse, Bass's testimony would be subject
to impeachment that would, in fact, hurt appellant's case.

 In light of this testimony, appellant cannot show that trial counsel's failure to
interview and present testimony from Bass fell below an objective standard of
reasonableness. Thus, appellant fails to meet prong one of the Strickland test. 
Appellant also fails to meet prong two of the Strickland test by not showing that, had
Bass been interviewed and called as a witness, the result of the proceeding would have
been different.

 Deborah Lindsey

 Appellant also contends that trial counsel did not interview appellant's cousin,
Deborah Lindsey, who would have been willing to provide foster care for appellant's
child. Trial counsel testified that she knew nothing about Lindsey, while appellant
stated that she told counsel about Lindsey. In light of this disputed evidence, the trial
court, as the fact finder, was entitled to believe trial counsel and disbelieve appellant. 
Shull v. United Parcel Serv., 4 S.W.3d 46, 51 (Tex. App.--San Antonio 1999, pet.
denied) ("The trial court serves as fact finder at a hearing on a motion for a new trial
and, accordingly, is the sole judge of the witnesses' credibility."). Thus, appellant
cannot show that trial counsel was ineffective for failing to call a witness whom
appellant never told her existed. As such, appellant fails to meet prong one of the
Strickland test. Appellant also fails meet prong two of the Strickland test by not
showing that, had Lindsey been interviewed and called as a witness, the result of the
proceeding would have been different.

 Shirley Bowman

 Appellant also alleges that appellant should have called her aunt, Shirley
Bowman, who would have testified that she was willing to take appellant's daughter. 
However, trial counsel testified that she did contact Bowman, who lived out-of-state,
and Bowman told counsel that she could not come testify. Trial counsel also testified
that Bowman "could not commit" to having appellant's child placed with her. 
Bowman, however, stated that she was never asked about providing foster care for
appellant's daughter, and that she would have considered it. Again, the trial court, as
the fact finder, was entitled to believe trial counsel, and disbelieve Bowman. See Shull,
4 S.W.3d at 51.

 Thus, appellant cannot show that trial counsel was ineffective for failing to call
Bowman, an out-of-state witness who had indicated her unwillingness to testify. As
such, appellant fails to meet prong one of the Strickland test. Appellant also fails to
meet prong two of the Strickland test by not showing that, had Bowman been called as
a witness, the result of the proceeding would have been different.

Motion for Continuance

 Appellant also contends that trial counsel was ineffective for failing to seek a
continuance. Specifically, appellant alleges that "[i]f the case had been continued,
appellant would have been able to go to trial in her own clothes, properly medicated,
without any chance of being seen in handcuffs or in the custody of a bailiff." (1)

 Trial counsel stated that she did not seek a continuance because she did not feel
that, based on appellant's incarceration alone, she had grounds to request a
continuance. Counsel had also discussed the possibility of a continuance with
opposing counsel, and she knew that such a motion would have been opposed. Finally,
trial counsel stated that she did not know when appellant's criminal case would be
concluded, so she did not know how long a continuance to request.

 Appellant presents no evidence that, had a motion for continuance been
requested, the trial court would have been required to grant it; or that, if such a motion
had been granted, the result of the proceeding would have been different. As such,
appellant fails to meet the second prong of the Strickland test. 

Impeachment of Appellant's 15-year-old Daughter

 At trial, appellant's 15-year-old daughter, K.H., testified that appellant had
abused both her and her younger sister, R.H. On appeal, appellant contends that trial
counsel was ineffective for failing to impeach K.H. with a prior inconsistent statement. 
Specifically, appellant contends that trial counsel should have impeached K.H. with 
a statement in the records from the Children's Protective Services (CPS) in Oklahoma,
in which K.H. had denied that appellant had ever abused her or her sister. Trial counsel
explained that she did not impeach K.H. with the CPS records from Oklahoma because
she did not want to emphasize other, less favorable evidence that was also contained
in the records. 

 The decision of what to ask on cross-examination falls within the parameters of
trial strategy. See Miniel v. State, 831 S.W.2d 310, 324 (Tex. Crim. App. 1992). Trial
strategy will be reviewed only if the record demonstrates that the action taken by trial
counsel is without any plausible basis. Ex parte Ewing, 570 S.W.2d 941, 945 (Tex.
Crim. App. 1978); Ortiz v. State, 866 S.W.2d 312, 315 (Tex. App.--Houston [14th
Dist.] 1993, pet. ref'd). 

 The record shows that counsel had a plausible basis for her cross-examination
of K.H. As such, appellant fails to meet the first prong of the Strickland test. 
Appellant also fails to meet the second prong of the Strickland test because she does
not show that, had K.H. been impeached with the CPS records from Oklahoma, the
result of the proceeding would have been different.

Motion for New Trial

 Appellant also contends that trial counsel was ineffective because she proceeded
to the new trial hearing without appellant being present. Trial counsel presented
evidence that she attempted to locate appellant before the motion for new trial hearing,
but was unable to do so. Trial counsel contacted the sheriff's department in Harris
County, the sheriff's department in Fort Bend County, the Texas Penal Inmate Locator,
and appellant's mother. Despite these efforts, counsel was not able to locate appellant
before the hearing on the motion for new trial. Trial counsel later learned that Harris 
County Jail authorities had misspelled appellant's name, and thus told counsel
appellant was not there when counsel contacted them. Appellant was moved from the
Harris County Jail to the Dayton State Jail before the motion for new trial hearing. 
Trial counsel also stated that appellant made it clear to her that she did not wish to be
present at any further trial proceedings, and that appellant always knew how to get in
touch with trial counsel, but did not do so. In contrast, appellant presented evidence
that trial counsel knew appellant's criminal case number and trial court, and that trial
counsel should have used that information to attempt to determine appellant's location. 

 In light of this testimony, appellant cannot show that trial counsel's efforts to
locate appellant for the motion for new trial fell below an objective standard of
reasonableness. As such, appellant fails to meet the first prong of the Strickland test. 
Appellant also does not show how the result of the proceeding would have been
different if she had been present at the motion for new trial hearing. As such, she fails
to meet the second prong of Strickland.









CONCLUSION

 We overrule appellant's sole point of error and affirm the judgment of the trial
court.



 Sherry Radack

 Chief Justice


Panel consists of Chief Justice Radack and Justices Higley and Nuchia. (2)




 
1. At the motion for new trial, counsel testified that, during the four-day trial, appellant
had to wear the same clothes twice because counsel was not able to provide her with
new clothes for the last day of trial. Similarly, counsel was only able to provide
appellant with make-up on the first day of trial. Appellant, who was serving time in
jail at the time of the trial, testified that jurors saw her in handcuffs in the hallway.
And, finally, there was evidence that appellant had a "flat affect" at trial because,
when she was transferred to the Fort Bend County Jail, she was not given her
medication. Appellant contends that all of these issues could have been resolved or
prevented had trial counsel asked for a continuance until appellant had completed
serving her time in jail.
2.