Affirmed and Memorandum Opinion filed August 27, 2009








Affirmed and Memorandum Opinion filed August 27, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-04-00108-CR

_______________

 

QUINDARLE DARAY BATTS, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 944,481 

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

Appellant,
Quindarle Daray Batts, was convicted of aggravated sexual assault of a child. 
In the sole issue presented on appeal, appellant claims the trial court erred
in denying his motion for new trial because the evidence presented demonstrates
that he received ineffective assistance of counsel during the punishment phase
of trial.  Finding no reversible error by the trial court, we affirm the
judgment.

 








Background

On
February 4, 2004, a jury convicted appellant of aggravated sexual assault of
his eleven-year-old second cousin, L.C.  See Tex. Penal Code Ann. ' 22.021 (Vernon Supp. 2008). 
Appellant elected to have his punishment decided by the jury.  During the
punishment phase, the State called several witnesses, including family members,
to testify about previous instances of appellant=s alleged sexual misconduct with
minors.

L.P.,
appellant=s first cousin, testified that appellant sexually assaulted her when she
was approximately thirteen years old.  Another first cousin, Y.P., testified
that appellant asked her to have sex with him when she was ten or eleven years
old.  L.S., appellant=s ex-girlfriend, testified that she had sexual intercourse
with appellant when she was fourteen and he was over eighteen years old.  The
jury also heard evidence indicating that appellant sexually assaulted his
daughter, T.S., when she was approximately five years old.  The defense rested
without calling any witnesses.  The jury sentenced appellant to life
imprisonment.

Appellant
filed a motion for new trial alleging that he received ineffective assistance
from his trial counsel during the punishment phase.  He argued his trial
counsel was ineffective because he failed to conduct a meaningful investigation
of the facts of the case or to interview and secure character witnesses to
testify for appellant.  Appellant presented several affidavits from himself and
his family members.  The affidavits of appellant=s wife, mother,
brother, two sisters, and a friend are essentially identical.  Each states that
the affiant Awas present and available to testify as a character
witness . . . at [appellant=s] trial.  [The affiant] would have
testified [that appellant] was a peaceable, hard-working, family man.@  Each affidavit
also provides that appellant=s trial counsel, James Brooks, never
discussed the possibility of testifying as a character witness with the
affiant.








Brooks testified by affidavit that he spoke to potential
character witnesses during the course of his investigation of the case. 
Through that investigation, he learned that appellant=s family members
were aware not only of appellant=s previous
convictions, but also of several other allegations of sexual abuse of children
for which appellant had not been prosecuted.[1] 
Relying on that information, Brooks testified  that he believed the potential
for prejudice outweighed any potential benefit appellant=s family might
provide as character witnesses.  After considering the evidence, the trial court denied
appellant=s motion on May 28, 2008.[2]

Analysis 








Appellant
contends that the trial court committed reversible error when it denied his
motion for new trial.  He claims the affidavits submitted in support of the
motion demonstrate that he  received ineffective assistance of counsel during
the punishment phase because his attorney failed to present mitigating
evidence.[3]  Appellant
argues that his family was available to testify as character witnesses but that
trial counsel neglected to explore the possibility of presenting their
testimony at punishment. 

We
review a trial court=s denial of a motion for new trial under an
abuse-of-discretion standard.  See State v. Herndon, 215 S.W.3d 901,
906B07 (Tex. Crim.
App. 2007); Salazar v. State, 38 S.W.3d 141, 148 (Tex. Crim. App.
2001).  We do not substitute our judgment for that of the trial court, but
rather decide whether the trial court=s decision was
arbitrary or unreasonable.  Webb v. State, 232 S.W.3d 109, 112 (Tex.
Crim. App. 2007).  The trial court abuses its discretion in denying a motion for new trial
only when no reasonable view of the record would support the trial court=s ruling.  Id.

In reviewing a claim of ineffective assistance of counsel,
we apply a two-pronged test.  See Strickland v. Washington, 466 U.S.
668, 687 (1984).  First, appellant must prove that counsel=s performance was
deficient, that is, that his representation fell below an objective standard of
reasonableness.  See id. at 687B88.  Second,
appellant must show that counsel=s deficient
performance prejudiced his defense.  See id. at 687.  This latter
element requires appellant to demonstrate a reasonable probability that, but
for the allegedly deficient representation, the result of the proceeding would
have been different.  See id. at 694.  

When reviewing a claim of ineffective assistance of
counsel, judicial scrutiny of counsel=s performance must
be highly deferential.  Id. at 689.  We must indulge a strong
presumption that counsel=s conduct falls withing the wide range of
reasonable professional assistance.  Id.  In other words, appellant must
overcome a presumption that, under the circumstances, the challenged action
might be considered sound trial strategy.  Id.  Appellant bears the
burden of proving ineffective assistance
by a preponderance of the evidence.  See Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999). 








Turning
to the issue presented here, defense counsel is required to seek out and interview
potential witnesses as a part of his independent investigation of the facts of
the case.  Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App.
1990).  In this case, the evidence on this point conflicts; Brooks=s affidavit says he interviewed
possible character witnesses, while those presented by appellant suggest he did
not.  When the evidence creates a fact issue, we are required to defer to the
trial court=s factual findings that are supported by the record, even when, as here,
no witnesses testify live and all of the evidence is submitted in written
affidavits.  See Ex parte Wheeler, 203 S.W.3d 317, 325B26 (Tex. Crim. App. 2006).  As evidenced
by its ruling, the trial court apparently chose to believe Brooks=s testimony and disbelieve that
presented by appellant.  Therefore, we must defer to the trial court=s factual determination that Brooks
conducted a sufficient investigation of potential character witnesses.  See
id.  

Under
the record presented, we cannot conclude that defense counsel=s decision not to call character witnesses
here amounted to ineffective assistance of counsel.  The determination of which
witnesses to call is clearly  a question of an individual lawyer=s trial strategy.  Ortiz v. State,
866 S.W.2d 312, 315 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d) (citing Ex parte Ewing, 570
S.W.2d 941, 943 (Tex. Crim. App. 1978)).  Generally, an attorney=s strategic decision to not call a
witness will be reviewed only if there was no plausible basis for doing so.  See
id.








Here,
Brooks articulated a plausible basis for his decision to refrain from
presenting the testimony of appellant=s family at punishment.  In his
affidavit, Brooks explained that he believed the testimony of the suggested
witnesses may have prejudiced appellant more than it would have benefitted
him.  That is, Brooks claims that appellant=s family members were aware of
additional allegations of sexual abuse made against appellant for which he had
not yet been indicted.  He believed that their testimony might open the door to
admission of evidence of other offenses that otherwise would have been
inadmissible.  Brooks was also concerned that appellant=s family might be asked about the
accusations brought by appellant=s cousins and ex-girlfriend.  In that
event, they would be forced into the  dilemma of having to either confirm the
allegations or suffer a loss of credibility that would undo whatever benefit
their testimony might have provided.

When, in
counsel=s reasonable judgment, a possible
witness is as potentially dangerous as helpful, it is not ineffective
assistance to decline to call that witness.  Damian v. State, 881 S.W.2d
102, 110 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d).  The fact that another attorney
might have pursued another trial strategy does not, by itself, render trial
counsel=s assistance ineffective.  Ortiz,
866 S.W.2d at 315.  We conclude that Brooks=s decision not to call character
witnesses was reasonable because, according to Brooks, his investigation of
potential character witnesses caused him to believe that they may have harmed
appellant=s case more than they would have helped it.  See Turner v. State,
932 S.W.2d 622, 625 (Tex. App.CHouston [14th Dist.] 1996, no pet.).  Thus, the trial court=s denial of appellant=s motion for new trial was neither
arbitrary nor unreasonable.  See Webb, 232 S.W.3d at 112.  We overrule
the only issue presented on appeal.

Conclusion

Finding
no reversible error by the trial court, we affirm.

 

 

/s/        Kent C. Sullivan

Justice

 

 

Panel consists of Justices Seymore,
Brown, and Sullivan.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 









[1]           According to Brooks=s affidavit, evidence of several of these extraneous
offenses was introduced during the punishment phase of trial.





[2]           The trial court initially set appellant=s motion for hearing on March 23, 2004.  However,
there is no indication in the record that a hearing was actually held on that
date, and the motion was ultimately deemed to have been denied by operation of
law.  On appeal to this court, appellant argued the trial court abused its
discretion by not holding a hearing on appellant=s motion for new trial.  In a memorandum opinion, this court previously
affirmed the judgment of the trial court, holding that appellant failed to
demonstrate that no hearing was conducted or that any non-occurrence of the hearing
resulted from an abuse of discretion by the trial court.  Batts v. State,
No. 14-04-00108-CR, 2005 WL 2386053, at *1 (Tex. App.CHouston [14th Dist.] Sept. 29, 2005) (mem. op., not
designated for publication).  After granting appellant=s petition for discretionary review, the Court of
Criminal Appeals reversed and remanded to this court, concluding  that
appellant was entitled to a hearing on the motion because it raised matters
that were not determinable from the record and appellant was not required to
demonstrate that the failure to hold a hearing resulted from an abuse of
discretion by the trial court.  Batts v. State, No. PD-1706-05, 2007 WL
1839643, at *3 (Tex. Crim. App. June 27, 2007) (mem. op., not designated for
publication).  This court abated the appeal and remanded to the trial court for
a hearing on the motion.  





[3]           In appellant=s motion for new trial, he also argued that his counsel was ineffective
because he failed to impeach appellant=s
daughter with a prior inconsistent statement while she was on the stand. 
However, appellant has not raised that argument on appeal; therefore, we cannot
consider this unpreserved complaint.  See Tex. R. App. P. 38.1.