Affirmed and Memorandum Opinion
filed December 23, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00599-CR



Ronald Jones, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 262nd District Court

Harris County, Texas

Trial Court
Cause No. 1193521



 

MEMORANDUM OPINION 

Appellant Ronald Jones appeals his conviction for
possession of cocaine with intent to deliver, claiming he received ineffective
assistance of counsel at trial.  We affirm.

Factual and Procedural
Background

Appellant was charged by indictment with the possession
of cocaine, weighing more than four grams and less than two hundred grams, with
intent to deliver.  The charge was enhanced by two prior felony convictions.  Appellant
pleaded “not guilty” to the charged offense.

At a jury trial, Deputy Guillen testified that he
stopped appellant’s vehicle for speeding and noticed appellant’s slurred
speech, glassy eyes, and slow responses.  He believed appellant was intoxicated
and asked appellant to exit the vehicle.  As appellant exited the vehicle, the
officer observed a white, powdery substance on the seat where appellant had
been sitting.  The white powdery substance later tested positive for cocaine.  The
deputy suspected that the substance was cocaine and detained appellant in the
back of his patrol vehicle.  The deputy performed a check for any outstanding
warrants and discovered appellant had an outstanding arrest warrant for assault
on a family member.  The deputy placed appellant in custody based on the
warrant.

The deputy claimed to have searched appellant,
finding $3,855 in small denominations wadded up in appellant’s pocket.  According
to the deputy, appellant explained that the money belonged to his wife, who was
a passenger in appellant’s vehicle.  In response to the deputy’s inquiry about
the cash, appellant’s wife denied knowing anything about the money.  The deputy
claimed that appellant’s wife was unable to produce identification upon his request,
and she was detained in a second patrol vehicle that had arrived on the scene. 


Although the deputy indicated that, at the time, he
did not need appellant’s consent to search the vehicle, the deputy testified
that appellant gave consent to search the vehicle.  The deputy searched
appellant’s vehicle and discovered a clear, plastic bag containing thirty-nine
smaller “dime bags” of cocaine in the armrest of the driver’s side door of the
vehicle, amounting to about 5.25 grams of cocaine.  When the deputy again asked
appellant about the money, appellant stated that not all of the money was from
the sale of narcotics.  Following a search of the vehicle, the deputy claimed
to have released the vehicle to appellant’s wife because she had a driver’s
license and insurance. 

Outside of the jury’s presence, the trial court held
a hearing on appellant’s motion to suppress based on Deputy Guillen’s testimony. 
As relevant to this appeal, the trial court expressly found the deputy credible
in his reason for stopping appellant’s vehicle for the traffic violation.  The
court found that appellant had been speeding, appeared to be under the
influence of alcohol or narcotics at the time of the stop, had what appeared to
be narcotics in the officer’s plain view, and gave consent to search the
vehicle.  The trial court denied appellant’s motion to suppress.  

At trial and in the jury’s presence, Officer Shaver
testified that as part of his work on the case, he received the money that Deputy
Guillen seized in his search of appellant.  Officer Shaver testified that he
donned latex gloves, counted the bills, and hid it for a police narcotics dog
to detect and find.  The narcotics dog found the hidden money and gave a
“positive alert,” indicating that the dog detected narcotics on the bills.  On
cross-examination, Officer Shaver confirmed that the narcotics dog “hit on the
money” in a search conducted at Officer Shaver’s office; Officer Shaver
indicated that he was not at the scene of appellant’s arrest.

Appellant called his wife to testify.  When asked
whether appellant had ever gotten “into any trouble” since 2005, during the
time that they have been a couple, the wife responded that she learned of
appellant’s warrant on the night Deputy Guillen stopped appellant’s vehicle.  The
trial court asked the parties to approach the bench, where the following
exchange, in pertinent part, occurred:

[TRIAL
COURT]:  Unless you clear this up, you have really left a huge, huge opening
for them to bring in—that would appear to me to leave a false impression to the
jury that this guy is absolutely clean as a whistle and I don’t know if he is
or not, but I do know that he’s been indicted with two prior convictions.

                         

[DEFENSE
COUNSEL]:  The case was dismissed.

 

[STATE]: 
Your Honor, Counsel has opened the door for the assault [on a] family member.

 

After further conversation, the
State confirmed that since 2005, appellant had only the warrant for assault on
a family member.  

In the State’s cross-examination, appellant’s wife testified
that the appellant had an outstanding warrant related to a charge for assault
on a family member pertaining to another woman and gave the other woman’s name. 
When appellant objected on relevance grounds, the trial court ruled the State
could ask about the warrant, but that the State could not seek details.  The
wife confirmed that appellant had an outstanding warrant for assault on a
family member, but that she was not involved in that incident.

The jury found appellant guilty of the charged
offense.  Appellant pleaded “true” to two enhancement paragraphs.  The trial
court assessed punishment at sixty years’ confinement.

Issue and Analysis

In a single issue, appellant claims he received
ineffective assistance of counsel at trial.  According to appellant, his trial
counsel committed the following acts that amounted to deficient representation: 
failed to inform the trial court about credibility problems with Deputy
Guillen’s testimony in closing arguments at the suppression hearing, failed to
object to Deputy Guillen’s testimony about appellant’s open warrant for assault
on a family member, and failed to cross-examine Deputy Shaver about the narcotics
dog’s positive alert on the money seized during the stop.

Both the United States and Texas Constitutions
guarantee an accused the right to assistance of counsel.  U.S. Const. amend. VI; Tex. Const. art. I, ' 10; Tex. Code Crim. Proc. art. 1.051 (West 2005). 
This right necessarily includes the right to reasonably effective assistance of
counsel.  Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052,
80 L. Ed. 2d 674 (1984); Ex parte Gonzales, 945 S.W.2d 830, 835 (Tex.
Crim. App. 1997).  To prove ineffective assistance of counsel, appellant must
show that (1) trial counsel’s representation fell below an objective standard
of reasonableness, based on prevailing professional norms; and (2) there is a
reasonable probability that the result of the proceeding would have been
different but for trial counsel’s deficient performance.  Strickland, 466
U.S. at 688B92. 
Moreover, appellant bears the burden of proving his claims by a preponderance
of the evidence.  Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim. App.
1998).  

In assessing appellant’s claims, we apply a strong
presumption that trial counsel was competent.  Thompson v. State, 9
S.W.3d 808, 813 (Tex. Crim. App. 1999).  We presume counsel’s actions and
decisions were reasonably professional and were motivated by sound trial
strategy.  See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994).  When, as in this case, no proper evidentiary record is developed at a
hearing on a motion for new trial, it is extremely difficult to show that trial
counsel’s performance was deficient.  See Bone v. State, 77 S.W.3d 828,
833 (Tex. Crim. App. 2002).  If there is no hearing or if counsel does not
appear at the hearing, an affidavit from trial counsel becomes almost vital to
the success of an ineffective-assistance claim.  Stults v. State, 23
S.W.3d 198, 208B09
(Tex. App.CHouston
[14th Dist.] 2000, pet. ref=d). 
The Court of Criminal Appeals has stated that it should be a rare case in which
an appellate court finds ineffective assistance on a record that is silent as
to counsel’s trial strategy.  See Andrews v. State, 159 S.W.3d 98, 103
(Tex. Crim. App. 2005).  On such a silent record, this court can find
ineffective assistance of counsel only if the challenged conduct was “‘so outrageous
that no competent attorney would have engaged in it.’”  Goodspeed v. State,
187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001)).  There was no motion for new trial
filed in this case.

Failure to Inform Trial
Court of the Witness’s Contradictory Testimony

Appellant first argues that his trial counsel’s
representation was deficient during the suppression hearing because his trial
counsel failed to inform the trial court in closing arguments at the
suppression hearing that Deputy Guillen was not credible.  Appellant points to
the deputy’s testimony that he released the vehicle to appellant’s wife after
she produced a driver’s license, which contradicted the deputy’s earlier testimony
that the wife was detained for being unable to produce identification.  

The substance of an attorney’s closing argument is
inherently a product of trial strategy.  See Ortiz v. State, 866 S.W.2d 312,
315 (Tex. App.—Houston [14th Dist.] 1993, pet. ref’d).  Trial strategy will be
reviewed only if the record reflects that the argument was without any
plausible basis.  Id.  Perhaps appellant’s trial counsel believed that a
stronger or more persuasive argument at the suppression hearing was to question
whether probable cause existed for the stop and search.  Applying strategy in
closing argument does not constitute ineffective assistance of counsel.  Jenkins
v. State, 870 S.W.2d 626, 631 (Tex. App.—Houston [1st Dist.] 1994, pet.
ref’d).  

Failure to Object to
Extraneous-Offense Evidence

Appellant also claims his trial counsel was deficient
in failing to object to Deputy Guillen’s testimony about the outstanding warrant
for domestic violence.  To succeed on his claim of ineffective assistance for
failure to object, appellant must demonstrate that the trial court would have
erred in overruling the objection if his trial counsel had objected.  See
Vaughn v. State, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996).  If the
evidence at issue was admissible, then appellant cannot show that his trial
counsel was deficient for failing to object.  See Oliva v. State, 942
S.W.2d 727, 732 (Tex. App.—Houston [14th Dist.] 1997), pet. dism’d, 991
S.W.2d 803 (Tex. Crim. App. 1998); Cooper v. State, 707 S.W.2d 686, 689
(Tex. App.—Houston [1st Dist.] 1986, pet. ref’d).  

According to appellant, this extraneous-offense
information was inadmissible under Texas Rule of Evidence 404(b).  Although this
rule renders evidence of “other crimes, wrongs, or acts” inadmissible to show
an accused’s character in conformity therewith, this evidence may be admissible
for other purposes, such as contextual evidence, as an exception to the rule if
the evidence is relevant apart from character conformity.  See Tex. R. Evid. 404(b); Wyatt v. State,
23 S.W.3d 18, 25 (Tex. Crim. App. 2000); Swarb v. State, 125 S.W.3d
672, 681 (Tex. App.—Houston [1st Dist.] 2003, pet. dism’d).  Evidence of
extraneous offenses that are indivisibly connected as a continuous transaction
to the charged offense or are closely interwoven with the case on trial may be
admitted for the purpose of illuminating the nature of the crime alleged or for
providing context for the offense.  Camacho v. State, 864 S.W.2d 524,
532 (Tex. Crim. App. 1993); Mayes v. State, 816 S.W.2d 79, 86–87 n.4
(Tex. Crim. App. 1991).  Contextual evidence may be admissible as an exception
under Rule 404(b) only to the extent that the evidence provides the jury with
information essential to understanding the context and circumstances of the
events.  See Mayes, 816 S.W.2d at 86; Swarb, 125 S.W.3d at 681
(determining that evidence of an arrest warrant unrelated to the charged
offense was admissible).  

To be admissible, contextual evidence also must satisfy
Texas Rule of Evidence 403.  See Tex.
R. Evid. 403; Swarb, 125 S.W.3d at 681 (providing that under a
Rule 403 balancing test, contextual evidence is rarely inadmissible if it sets
the stage for the jury’s understanding of the whole criminal transaction).  In
considering the evidence under Rule 403, we consider (1) the strength of the
evidence in making a fact more or less probable, (2) the potential for the
extraneous evidence to irrationally but indelibly impress the jury, (3) the
trial time expended developing the extraneous evidence, and (4) the strength of
other evidence available to prove a fact of consequence.  Mozon v. State,
991 S.W.2d 841, 847 (Tex. Crim. App. 1999). 
Rarely will prejudicial value render contextual evidence inadmissible.  Mann
v. State, 718 S.W.2d 741, 744 (Tex. Crim. App. 1986). 

In this case, evidence of appellant’s outstanding
warrant for assault on a family member could be characterized as helpful to the
jury’s understanding of the facts in dispute because it provided the context to
show why Deputy Guillen placed appellant in custody and searched appellant and
how Deputy Guillen found the money in appellant’s pocket.  See Swarb,
125 S.W.3d at 682 (involving evidence of an unrelated arrest warrant as
evidence so intertwined with the charged offense, it was helpful to the jury’s
understanding of the charged offense of narcotics possession).  Therefore, the
testimony about appellant’s outstanding warrant was admissible as an exception to
Rule 404(b).  See id.  

Under a Rule 403 balancing test, we also conclude
that the prejudicial effect of the outstanding warrant did not substantially
outweigh its probative value.  See Tex.
R. Evid. 403; Swarb, 125 S.W.2d at 682 (indicating that limited
details of the arrest warrant were introduced in the State’s case-in-chief and
trial court offered limiting instruction to jury to consider the evidence only
for informational purposes).  When appellant’s trial counsel objected on
relevance grounds to the wife’s testimony about the warrant on
cross-examination, the trial court cautioned the State not to elicit details
about the outstanding warrant.  Very few details about the warrant or the facts
involved in the offense were introduced.  Neither party expended much time
developing facts associated with the warrant.  

Because the testimony about appellant’s outstanding
warrant was proper as contextual evidence, the trial court would not have erred
in overruling an objection.  See Swarb, 125 S.W.2d at 682.  Therefore,
appellant’s trial counsel was not deficient for failing to object to this
evidence.  See Oliva, 942 S.W.2d at 732.

Failure to Effectively
Cross-Examine a Witness

Finally, appellant claims his trial counsel should have
cross-examined Officer Shaver more effectively about the narcotics dog’s
“positive alert.”  Appellant cites $43,7740.00 U.S. Currency v. State,
266 S.W.3d 178, 184 (Tex. App.—Texarkana 2008, pet. denied), a civil case
involving forfeiture, and claims the jury should have been apprised that the
dog’s positive alert, standing alone, does not constitute evidence that the
money was used in connection with a narcotics transaction.  

The State presented evidence that 39 small bags of
cocaine, weighing in aggregate 5.25 grams, were discovered in the armrest of
appellant’s vehicle.  The white, powdery substance inside appellant’s vehicle
and in Deputy Guillen’s plain view tested positive for cocaine.  Deputy Guillen
testified that appellant tacitly acknowledged that at least some of this money
was related to illegal narcotics activity when appellant stated that not all of
the money in his pocket was associated with the sale of narcotics.  The State,
therefore, was not relying solely on the dog’s detection of narcotics on the
money to connect appellant to the charged offense.  

Even presuming that appellant satisfied the first
prong of Strickland, appellant has not shown how the results of
his trial would have differed had his trial counsel elicited the desired testimony,
especially in light of the overwhelming evidence in support of the conviction. 
A small amount of cross-examination does not prove ineffective assistance,
particularly when the appellant fails to show what would have been achieved by
further cross-examination.  See Matthews v. State, 830 S.W.2d 342, 347
(Tex. App.—Houston [14th Dist.] 1992, no pet.) (providing that a reviewing
court should not “second guess” trial strategy in counselor’s failure to
cross-examine a witness through “appellate hindsight”).  Even the complete
absence of cross-examination can be considered sound trial strategy.  See
Miniel v. State, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992).  Therefore, appellant
has failed to satisfy the second prong of Strickland.  See generally Strickland,
466 U.S. at 694.

For the reasons stated above, we overrule appellant’s
sole appellate issue, and we affirm the trial court’s judgment.

 

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Frost, and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).